[No. D032536. Fourth Dist., Div. One. Sept. 23, 1999.]

VICTOR L. WOO, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
SOHEILIA ZARABI, Real Party in Interest.

COUNSEL

Higgs, Fletcher & Mack, Richard D. Barton; McInnis, Fitzgerald, Rees & Sharkey and Maxine D. Kersh for Petitioner.

No appearance for Respondent.

Bita L. Hoffman for Real Party in Interest.

OPINION

**McDONALD, J.**—Defendant Victor L. Woo filed this petition for writ of mandate challenging the trial court's denial of his motion for summary judgment in a medical malpractice action filed by plaintiff and real party in interest Soheilia Zarabi. Zarabi filed a response to the petition; we issued an order to show cause and heard oral argument from the parties.

This writ proceeding raises two issues: The timeliness of Woo's petition for writ of mandate; and whether Zarabi's amended complaint naming Woo as a defendant relates back to the date of filing her original complaint.

I

TIMELINESS OF PETITION FOR WRIT OF MANDATE

■ On August 28, 1998, Woo filed a motion for summary judgment. On October 16, the trial court issued a telephonic ruling granting the motion. On October 30, the trial court heard oral argument on the motion and on November 12 issued a written ruling denying the motion. A degree of uncertainty pervades the procedure that followed. Woo asserts the court clerk served the November 12 written ruling by mail on November 23; Zarabi asserts the court clerk served the November 12 written ruling by mail on November 12. Each party has submitted a proof of service form that supports its position. Exacerbating the uncertainty, each party has submitted a different form of the written ruling claimed to have been served.

We have sought from the trial court, Woo, Zarabi, and another party to the action who is not a party to this writ proceeding explanations of the contradictory documentation submitted to us. Without detailing the various responses to our inquiries, it appears that a substitute trial court clerk on November 12 served by mail pages 1 and 3 of a draft written ruling not signed by the trial court together with the original proof of service. This

mailing was received by Zarabi and another party to the action, but not by Woo. When the regular trial court clerk returned, she reviewed the file, which contained the trial court's final signed written ruling but no proof of service. On November 23, she served by mail on all parties the final signed written ruling. The superior court file contains the final written ruling signed by the trial court and the November 23 proof of service; it does not contain the documents submitted to us by Zarabi.

Under these circumstances, we find November 23, 1998, was the date of service by mail of the written notice of order denying Woo's motion for summary judgment. Only the November 23, 1998, service included the complete final written ruling signed by the trial judge. Woo's petition for writ of mandate was filed on December 18, 1998. Code of Civil Procedure section 437c, subdivision $(l)$[1] provides that a petition for writ of mandate to review the denial of a motion for summary judgment must be filed within 25 days following service by mail in California of written notice of the order. December 18, 1998, was not more than 25 days following November 23, 1998. Woo's petition for writ of mandate was therefore timely filed.

## II

### RELATION BACK OF AMENDED COMPLAINT

### A

#### *Factual and Procedural Background*

On April 25, 1997, Zarabi filed a medical malpractice complaint that named as defendants Sharp SMH Cabrillo Hospital, Robert M. Barone, M.D., Joel S. Sigeti, M.D., and Does 1-50. She alleged in her complaint that in February 1996 Sigeti misinterpreted a mammogram of her left breast and inserted incorrectly a breast hookwire, the purpose of which was to identify for surgeon Barone the portion of her breast from which to obtain a biopsy specimen. She further alleged that in May 1996 Barone informed her that Sigeti had in February 1996 misinterpreted her mammogram and that a new biopsy specimen was necessary. She sought damages resulting from unnecessary multiple operations to obtain biopsy specimens.

On June 10, 1997, Sigeti served on Zarabi a request for production of documents, including a request for notes and letters from doctors concerning her treatment. On July 30, 1997, Zarabi responded to Sigeti's request for production of documents. Included in the response were two written reports

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

dated February 22, 1996, from Woo to Barone, one of which described the hookwire localization procedure and the other the breast surgical specimens. Also included in the response was a report dated May 14, 1996, from Sigeti to Barone describing Sigeti's interpretation of a May 13, 1996, mammogram and ultrasound tests on Zarabi. Inexplicably, Zarabi in her opposition to the writ petition suggests her response to the request for production of documents did not include the two February 1996 written reports from Woo to Barone or the May 1996 written report from Sigeti to Barone.

On August 8, 1997, Sigeti's counsel sent a letter to Zarabi's counsel explaining that on the basis of Zarabi's response to the request for production of documents, Sigeti was not involved in the February 1996 mammogram interpretation or placement of the hookwire as alleged in Zarabi's complaint and that Sigeti was involved only in interpretation of a May 1996 mammogram and ultrasound test. Enclosed with the August 8 letter were copies of the medical records that showed Woo to be the person who interpreted the February 1996 mammogram and placed the hookwire. After follow-up letters from Sigeti's counsel dated August 19, August 20, October 14, November 5 and November 26, 1997, Zarabi on December 2, 1997, filed a dismissal without prejudice of the action against Sigeti only.

On February 3, 1998, Zarabi filed an amended complaint that named as defendants Sharp SMH Cabrillo Hospital, Robert M. Barone, M.D., Victor L. Woo, M.D., and Does 1-50. The amended complaint is almost identical to the original complaint with the exception that Woo has been added as a defendant and Sigeti has been deleted as a defendant. The amended complaint does not purport to add Woo in substitution of a fictitious Doe defendant named in the original complaint. The amended summons served on Woo was issued on February 3, 1998. It stated to the person served that service was as to an individual defendant and did not purport to be for service on a person sued under a fictitious name.

Zarabi's deposition was taken by Woo's attorney on July 14 and August 24, 1998. She testified that in May 1996 Barone told her and her husband that Woo misinterpreted her February 1996 mammogram and incorrectly placed the hookwire.

On August 28, 1998, Woo filed a motion for summary judgment, asserting that Zarabi's action against Woo is barred by the section 340.5 one-year statute of limitations. Woo argued that in May 1996 Zarabi learned Woo had in February 1996 misinterpreted her mammogram and incorrectly placed the hookwire in her left breast and therefore the one-year statute of limitations started to run in May 1996. The amended complaint that for the first time

named Woo as a defendant was filed on February 3, 1998, more than one year after Zarabi discovered her injury. Zarabi opposed the motion for summary judgment, arguing that although the statute of limitations began to run in May 1996, her original complaint was filed on April 25, 1997, within the one-year limitations period, and the amended complaint naming Woo as a defendant relates back in time to the date of filing the original complaint. The trial court treated the amended complaint as the functional equivalent of the substitution of a party for a fictitious Doe defendant, held that the time of filing the amended complaint related back to the date of filing the original complaint and denied Woo's motion for summary judgment.

### B

### *Standard of Review*

■ The appellate court independently reviews the denial by the trial court of a motion for summary judgment. (*Buss* v. *Superior Court* (1997) 16 Cal.4th 35, 60 [65 Cal.Rptr.2d 366, 939 P.2d 766].)

### C

### *Discussion*

#### 1. *Leave of Court to File Amended Complaint*

Zarabi's amended complaint was filed on February 3, 1998, after the defendants named in the original complaint had filed responsive pleadings. ■ Ordinarily, an amended complaint may be filed without leave of court only before responsive pleadings are filed. (§ 472; see generally, Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1999) ¶¶ 6:603, 6:611, pp. 6-123, 6-124 (Weil & Brown).) After the responsive pleadings are filed an amendment to a complaint, including an amendment to add a defendant, requires leave of court. (§ 473, subd. (a); Weil & Brown, *supra*, ¶ 6:606, at p. 6-123.) Here, Zarabi on January 21, 1998, filed pleadings entitled "Stipulation" and "Addendum to Stipulation" that purported to be an agreement between the parties named in the original complaint permitting her to amend the complaint to add Woo as a defendant without waiving Barone's right to proceed with arbitration. At the bottom of the Addendum to Stipulation document a judge of the superior court signed a statement that "It is so ordered." Although not entirely clear, we treat the Stipulation and Addendum to Stipulation, the latter "so ordered" by a superior court judge, as leave of court to file the amended complaint that added Woo as a defendant.

#### 2. *The Relation Back Issue*

■ Zarabi argues that by filing the amended complaint she substituted Woo for a previously named fictitious Doe defendant pursuant to section

474; the effective date of the amended complaint therefore relates back to the April 25, 1997, date of filing the original complaint. Based on this argument, she asserts that the section 340.5 one-year statute of limitations that would bar an action against Woo filed after May 1997 does not bar this action.

■ The general rule is that an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed, not the date the original complaint is filed. (*Liberty Transport, Inc.* v. *Harry W. Gorst Co.* (1991) 229 Cal.App.3d 417, 428 [280 Cal.Rptr. 159], disapproved on other grounds in *Adams* v. *Murakami* (1991) 54 Cal.3d 105, 115-116 [284 Cal.Rptr. 318, 813 P.2d 1348]; *Ingram* v. *Superior Court* (1979) 98 Cal.App.3d 483, 490-492 [159 Cal.Rptr. 557]; Weil & Brown, *supra,* ¶ 6:733, at p. 6-146; 5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 1158, pp. 617-619.) A recognized exception to the general rule is the substitution under section 474 of a new defendant for a fictitious Doe defendant named in the original complaint as to whom a cause of action was stated in the original complaint. (*Liberty Transport, Inc.* v. *Harry W. Gorst Co., supra,* 229 Cal.App.3d 417, 428; *Kerr-McGee Chemical Corp.* v. *Superior Court* (1984) 160 Cal.App.3d 594, 597 [206 Cal.Rptr. 654]; Weil & Brown, *supra,* ¶¶ 6:735, 6:736, at pp. 6-146 to 6-147.) If the requirements of section 474 are satisfied, the amended complaint substituting a new defendant for a fictitious Doe defendant filed after the statute of limitations has expired is deemed filed as of the date the original complaint was filed. (*Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 599 [15 Cal.Rptr. 817, 364 P.2d 681].)

■ Among the requirements for application of the section 474 relation-back doctrine is that the new defendant in an amended complaint be substituted for an existing fictitious Doe defendant named in the original complaint. (See *Streicher* v. *Tommy's Electric Co.* (1985) 164 Cal.App.3d 876, 880-881 [211 Cal.Rptr. 22].) Here Zarabi made no apparent attempt to satisfy this procedural requirement. The amended complaint adds Woo as a defendant but does not identify him as a substitute for a previously named fictitious defendant. Furthermore, the summons served on Woo identifies him as being sued as an individual defendant, not as a defendant previously sued under a fictitious name. The court in *Ingram* v. *Superior Court, supra,* 98 Cal.App.3d at page 491 stated: "[w]hile we recognize the Supreme Court's liberal attitude toward allowing amendments of pleadings to avoid the harsh result imposed by a statute of limitations, that attitude is not unfettered by reasonable requirements. Some discipline in pleading is still

essential to the efficient processing of litigation." Were we to follow the admonition of the *Ingram* court, we would conclude that Zarabi's inept handling of her amended complaint to bring Woo into the litigation as a defendant after the statute of limitations had expired did not comply with the requirement of section 474 and therefore the amended complaint did not relate back to the date of filing the original complaint. However, the courts of this state have considered noncompliance with the party substitution requirements of section 474 as a procedural defect that could be cured and have been lenient in permitting rectification of the defect. (*Streicher* v. *Tommy's Electric Co., supra,* 164 Cal.App.3d 876, 884-885; see *Liberty Transport, Inc.* v. *Harry W. Gorst Co., supra,* 229 Cal.App.3d 417, 428.) We conclude that Zarabi would be permitted to allege that Woo is a defendant substituted for a fictitious Doe defendant named in her original complaint and therefore do not hold that her noncompliance with the procedural requirements of section 474 forecloses consideration of her section 474 relation-back contention. However, in other cases the courts may well require strict compliance and counsel are advised to follow the simple correct procedure for substituting a named defendant for a fictitious Doe defendant.

A further and nonprocedural requirement for application of the section 474 relation-back doctrine is that Zarabi must have been genuinely ignorant of Woo's identity at the time she filed her original complaint. (*Optical Surplus, Inc.* v. *Superior Court* (1991) 228 Cal.App.3d 776, 783-784 [279 Cal.Rptr. 194]; *Hazel* v. *Hewlett* (1988) 201 Cal.App.3d 1458, 1464-1466 [247 Cal.Rptr. 723]; Weil & Brown, *supra,* ¶¶ 6:748, 6:752, at pp. 6-148.1, 6-149.) ■ The omission of the defendant's identity in the original complaint must be real and not merely a subterfuge for avoiding the requirements of section 474. (*Ingram* v. *Superior Court, supra,* 98 Cal.App.3d 483, 491.) Furthermore, if the identity ignorance requirement of section 474 is not met, a new defendant may not be added after the statute of limitations has expired even if the new defendant cannot establish prejudice resulting from the delay. (*Hazel* v. *Hewlett, supra,* at p. 1466.) However, if the plaintiff is actually ignorant of the defendant's identity, the section 474 relation-back doctrine applies even if that ignorance is the result of the plaintiff's negligence. (*Grinnell Fire Protection Systems Co.* v. *American Sav. & Loan Assn.* (1986) 183 Cal.App.3d 352, 359 [228 Cal.Rptr. 292]; *Munoz* v. *Purdy* (1979) 91 Cal.App.3d 942, 947 [154 Cal.Rptr. 472]; *Joslin* v. *H.A.S. Ins. Brokerage* (1986) 184 Cal.App.3d 369, 376 [228 Cal.Rptr. 878].)

■ Here Zarabi testified in her deposition that in May 1996 Barone told her and her husband that in February 1996 Woo misinterpreted her mammogram and incorrectly placed the hookwire. By Zarabi's own testimony she

acknowledged she had actual knowledge of Woo's identity and his participation in her claimed injuries prior to the time she filed her complaint. Zarabi seeks to avoid the import of her deposition testimony by asserting that at the time she filed her original complaint, she forgot Barone discussed Woo's participation with her and her husband: she was at the time confused and frightened because she was told by Barone her life was in jeopardy and she could die, and under those stressful circumstances did not remember Barone mentioning the name of any other doctor. She remembered Woo's identity only when conferring with her attorney in November 1997 after reviewing medical records showing that Woo, and not Sigeti, was responsible for her claimed injury. She also asserts that the only medical records she had received at the time she filed her original complaint identified Sigeti but not Woo and she therefore had no knowledge of Woo's identity.

We perceive an element of disingenuousness in Zarabi's arguments. The record is devoid of evidence that Barone's discussions with Zarabi and her husband could have created a fear of imminent death that fogged her memory from May 1996 until November 1997, at which time she suddenly remembered Woo's identity while conferring with her attorney. Furthermore, although she argues the medical records in her possession at the time she filed her original complaint referred only to Sigeti, those records were produced by her together with medical records identifying Woo. Those medical records showed Sigeti's involvement in May 1996 and Woo's involvement in February 1996. It is difficult to understand how Zarabi could have the May records but not the February records when she filed her original complaint in April 1997. In addition, Zarabi inconsistently argues that at the time she filed her original complaint (1) she knew of but forgot Woo's identity, and (2) she never knew of Woo's identity. Zarabi also inconsistently asserts that she was so upset during her May 1996 conversation with Barone that she could not remember Barone's comments about any other doctor and yet, in her original complaint, she alleged that in May 1996 Barone told her Sigeti misinterpreted her mammogram and incorrectly placed the hookwire in February 1996. Zarabi's conflicting and inconsistent positions permit the inference that her claimed ignorance of Woo's identity was not actual and in good faith. (*Munoz* v. *Purdy, supra,* 91 Cal.App.3d 942, 946, 947; *Scherer* v. *Mark* (1976) 64 Cal.App.3d 834, 840 [135 Cal.Rptr. 90]; see *General Motors Corp.* v. *Superior Court* (1996) 48 Cal.App.4th 580, 594 [55 Cal.Rptr.2d 871].)

Zarabi's deposition testimony established that in May 1996, she knew Woo's identity. However, at the time she filed her original complaint in April 1997 she avers she was ignorant of Woo's identity. Presumably, in the

interim, she forgot it. Although she does not rely on *Balon* v. *Drost* (1993) 20 Cal.App.4th 483 [25 Cal.Rptr.2d 12], *Balon* appears from our research to be the reported case most similar to the instant case on the issue of known but forgotten defendant identity under section 474.

In *Balon,* the plaintiff was involved in an automobile accident with another vehicle owned by Drost and driven by Hurley. Immediately after the accident the plaintiff and driver Hurley exchanged personal identification information; Hurley's identification was written on a piece of paper, which the plaintiff placed in her purse. The plaintiff contacted an attorney shortly before the statute of limitations was to expire but was unable to identify driver Hurley; she had forgotten Hurley's name and the paper on which Hurley's identification was recorded. Before the statute of limitations expired, the plaintiff's attorney filed suit against the vehicle owner Drost and included a cause of action against fictitiously named defendants. Within two weeks after the limitations period expired the plaintiff's attorney obtained Hurley's identity from the public accident report and filed an amended complaint under section 474, adding Hurley as a defendant previously named as a fictitious defendant. The trial court determined that under these circumstances the plaintiff had ignored rather than been uninformed of the existence of Hurley, who could easily have been identified, and therefore was not entitled to amend her complaint under section 474 to name Hurley as a defendant after the statute of limitations had expired. In a divided opinion, the appellate court equated forgetting a defendant's known identity with actual good faith and nonfeigned ignorance of the defendant's identity, denied the existence of an obligation to make any effort to obtain easily accessible information to refresh one's memory and reversed the trial court. The majority opinion considered forgetfulness with no effort to refresh memory to be negligent ignorance, and held that negligent ignorance of a defendant's identity does not preclude adding a defendant under section 474 after the statute of limitations expired.

There are two significant differences between *Balon* and the instant case. In *Balon* the complaint amendment adding a new defendant was made without delay after an immediate effort by the plaintiff's attorney to determine the identity of the new defendant, and the complaint amendment was correctly made in accordance with the section 474 procedure. In the instant case Zarabi made no effort to promptly identify Woo and did not correctly follow the section 474 amendment procedure. These differences undermine Zarabi's contention she acted in good faith to comply with section 474.

More significant, however, is our view that *Balon* establishes an undesirable rule for the "I knew but forgot" assertion under section 474. We find

Justice Phelan's dissent in *Balon* persuasive. Justice Phelan rejected the equation of a claimed memory lapse with the actual ignorance requirement of section 474. (See *Balon* v. *Drost, supra,* 20 Cal.App.4th at pp. 492, 493 (dis. opn. of Phelan, J.).) We agree with Justice Phelan that when the plaintiff had actual knowledge of the defendant's identity prior to filing a complaint, but has forgotten the defendant's identity at the time of filing the complaint, the plaintiff must review readily available information that discloses the defendant's identity to invoke the section 474 relation-back doctrine; otherwise, the plaintiff is not in good faith using section 474. A requirement of reviewing readily available information is not a significant burden, is not inconsistent with the cases that impose no duty of inquiry on plaintiffs who never knew the defendant's identity, and assures the good faith of plaintiffs who seek to use the section 474 relation-back doctrine.

The *Balon* rule permits plaintiffs to assert they forgot the defendant's identity even though it is uncontested they knew the identity at an earlier time, and relieves them of any obligation to refresh their memory with readily available information. The result is to excise from section 474 the importance of actual ignorance of the name of the defendant, because by mere assertion of memory loss a plaintiff would always be considered ignorant of the name of the defendant. We perceive the better rule to be that if the plaintiff knows the defendant's identity and then forgets it at the time the complaint is filed, to use the section 474 relation-back doctrine to avoid the bar of the statute of limitations the plaintiff must have at least reviewed readily available information likely to refresh his or her memory. If the defendant cannot be identified from readily available information, then section 474 is available; if the defendant can be identified from the readily available information, then section 474 is unavailable. This rule retains meaning to the actual ignorance requirement of section 474. In *Balon,* the readily available information was contained in the public accident report. In the instant case, the readily available information was contained in Zarabi's medical records in her possession from which she obtained Sigeti's name and in which Woo's identity was also set forth. In our view, Zarabi did not avail herself of readily available information that would have refreshed her recollection of Woo's identity; and therefore she is not entitled to use section 474 to amend her complaint after the statute of limitations has run. Under these circumstances, ". . . there was no good faith, bona fide ignorance as required by section 474." (*Balon* v. *Drost, supra,* 20 Cal.App.4th 483, 494 (dis. opn. of Phelan, J.).)

### DISPOSITION

Let a writ of mandate issue directing the superior court to vacate its November 12, 1998, order denying Woo's motion for summary judgment

and to enter a new order granting Woo's motion for summary judgment. The temporary stay is vacated. The parties shall bear their own costs.

Benke, Acting P. J., and Haller, J., concurred.