Filed 9/18/13  Vickers v. Wilson CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| CAROLYN VICKERS, INC.,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>LINDA WILSON, et. al.,<br><br>    Defendants and Respondents. | 2d Civil No. B246212<br>(Super. Ct. No. CV090210)<br>(San Luis Obispo County) |

Carolyn Vickers, Inc. (CVI) purchased undeveloped real estate in San Luis Obispo County from Allen Little Ventures #1, LLC (ALV) in 2006.  In 2007, CVI learned the property could not be developed due to soil and groundwater contamination.  ALV had purchased the property from Phyllis Madonna.  Respondents Linda Wilson and Wilson & Company Real Estate were Madonna's real estate agent in that transaction.  In 2009, CVI and ALV sued Madonna, two title companies, several oil companies and Does 1 through 200 on various tort and contract theories.  In February 2012, CVI amended its complaint to name respondents as Doe 1 and Doe 2.  They demurred on the ground that the statute of limitations had run.  After granting leave to amend, the trial court sustained respondents' demurrer to CVI's fourth amended complaint because CVI failed to allege facts justifying its late discovery of the causes of action against respondents.  CVI

contends the trial court erred because its Doe amendments "relate back" to the date its original complaint was filed.  (Code Civ. Proc., § 447.)[1]  We affirm.

*Facts*

Appellant's original complaint alleged that, before 2005, Phyllis Madonna owned Tract 1259 in San Luis Obispo County.  Four pipelines, used to transport oil and oil products, ran across Tract 1259.  These pipelines were owned, operated and maintained by various oil companies.  In 1981, an employee of Madonna's struck a pipeline owned by Unocal with a backhoe, causing an oil spill.  Madonna and Unocal did not clean up the spill or its after effects, resulting in soil and groundwater contamination.  Other pipelines owned by other companies may also have leaked or discharged oil on the property.   Madonna knew about the contamination when she hired respondents in 2004 "to act as her realtor/broker to sell Tract 1259."  Although she had a duty to disclose environmental hazards and other defects affecting the property, "Madonna and her employees or agents failed to disclose" to ALV the existence of the pipelines, the 1981 spill, or the resulting soil and groundwater contamination.  In addition, title companies involved in the sale to ALV failed to disclose any easements for oil pipelines or the existence of the pipelines.

With respect to respondents, the original complaint further alleged, "Madonna and Linda Wilson and Wilson & Company failed to disclose that:  there were oil pipelines running through and adjacent to the Tract 1259; one of Mrs. Madonna and/or her husband and/or their company's employees or agents had struck one of the pipelines in April 1981 causing a substantial amount of oil to spill on and into Tract 1259 causing serious soil and groundwater contamination; Madonna and/or her husband and/or their company, and/or the responsible oil companies had failed to clean up the oil spill and resulting contamination; and that the oil pipelines owned, operated and/or maintained by [the oil company defendants] may have leaked and/or otherwise discharged oil and/or

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

other oil related products and contaminated the soil and groundwater beneath Tract 1259."

In June 2006, ALV sold two lots in Tract 1259 to appellant. Appellant and ALV discovered the contamination in May 2007. ALV assigned its rights against Madonna and the other defendants to appellant. Appellant filed its original complaint in April 2009 but conducted no formal discovery until April 2011. At that time, appellant now contends, it first learned that respondents had personal knowledge of facts concerning the property, including access to documents related to the 1981 oil spill, that respondents did not disclose to appellant.

In February 2012, appellant filed an amendment to its then-operative third amended complaint, naming respondents as Doe 1 and Doe 2. Respondents' demurrer, on statute of limitations grounds, was sustained with leave to amend. Appellant filed its fourth amended complaint in August 2012. It alleges that Madonna "provided [respondents] with all of the documentation in her files related to Tract 1259." In addition, the fourth amended complaint alleges that "Madonna and her agents and Linda Wilson did not disclose to ALV" any information relating to the oil pipelines, the 1981 spill or the resulting contamination. The complaint further alleges that respondents negligently failed to disclose and fraudulently concealed these material facts about the property. Respondents are identified by name as defendants on these causes of action, but the allegations are otherwise virtually identical to those of the original complaint.

Respondents again demurred on the ground that the amendment identifying them as Doe defendants was filed after the statute of limitations had expired and did not relate back to the date the original complaint filed. The trial court sustained the demurrer without leave to amend. Appellant requested that the trial court dismiss the action with prejudice, with respect to respondents only, to expedite this appeal. That request was granted and the order of dismissal was entered on January 2, 2013.

*Appellate Jurisdiction*

Respondents contend the appeal should be dismissed as improperly taken from an invalid clerk's entry of dismissal. (§ 904.1, subd. (a).) They are incorrect. As

3.

the court noted in *Ashland Chemical Co. v. Provence* (1982) 129 Cal.App.3d 790, "[M]any courts have allowed appeals by plaintiffs who dismissed their complaints after an adverse ruling by the trial court, on the theory the dismissals were not really voluntary, but only done to expedite the appeal. [Citation.] Here [appellant] dismissed its complaint after the superior court sustained [respondents'] demurrer without leave to amend. Moreover, it did so only to obtain a final judgment so it could contest the court's ruling. Under these circumstances, [appellant's] request for dismissal was tantamount to a request to enter judgment on [respondent's] demurrer. We allow the appeal." (*Id.* at pp. 792-793; see also *Goldbaum v. Regents of University of California* (2011) 191 Cal.App.4th 703, 708; *Gutkin v. University of Southern California* (2002) 101 Cal.App.4th 967, 974-975.)

### *Standard of Review*

"In our de novo review of an order sustaining a demurrer, we assume the truth of all facts properly pleaded in the complaint or reasonably inferred from the pleading, but not mere contentions, deductions, or conclusions of law. (*Buller v. Sutter Health* (2008) 160 Cal.App.4th 981, 985-986 (*Buller*).) We then determine if those facts are sufficient as a matter of law, to state a cause of action under any legal theory." (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052.) "When a ground for objection to a complaint, such as the statute of limitations, appears on its face or from matters of which the court may or must take judicial notice, a demurrer on that ground is proper." (*Dutra v. Eagleson* (2006) 146 Cal.App.4th 216, 221.)

We review the decision of the trial court, not its reasoning. (*Schabarum v. California Legislature* (1998) 60 Cal.App.4th 1206.) A correct judgment will be affirmed even if the trial court's reasons for making that judgment were erroneous. (*Sarale v. Pacific Gas & Electric Co.* (2010) 189 Cal.App.4th 225, 246.) "We do not review the reasons for the trial court's ruling; if it is correct on any theory, even one not mentioned by the court, and even if the court made its ruling for the wrong reason, it will

4.

be affirmed." (*Coastside Fishing Club v. California Resources Agency* (2008) 158 Cal.App.4th 1183, 1191.)

*Relation Back and Section 474*

As a general rule, an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed. (*Woo v. Superior Court* (1999) 75 Cal.App.4th 169, 176.) Section 474 creates an exception to this general rule.[2] It allows a plaintiff who is ignorant of the identity of the party responsible for his or her damages to name that party in a fictitious capacity, as a Doe defendant. (*Winding Creek v. McGlashan* (1996) 44 Cal.App.4th 933, 940.) "If the requirements of section 474 are satisfied, the amended complaint substituting a new defendant for a fictitious Doe defendant filed after the statute of limitations has expired is deemed filed as of the date the original complaint was filed." (*Woo v. Superior Court, supra,* 75 Cal.App.4th at p. 176.)

To take advantage of section 474, the plaintiff must actually and genuinely be ignorant of the Doe defendant's identity or of his or her connection to the plaintiff's injuries. (*General Motors Corp. v. Superior Court* (1996) 48 Cal.App.4th 580, 593-594; see also *Woo, supra*, 75 Cal.App.4th at p. 177.) "A plaintiff may use section 474 whenever he has no actual knowledge of the defendant; constructive or legal knowledge will not deprive the plaintiff of the remedy." (*Sobeck & Associates, Inc. v. B&R Investments No. 24* (1989) 215 Cal.App.3d 861, 867.) Where a lawsuit is filed within the applicable limitations period "and the plaintiff has complied with section 474 by alleging the existence of unknown additional defendants, the relevant inquiry when the plaintiff seeks to substitute a real defendant for one sued fictitiously is *what facts the plaintiff*

---

[2]  Section 474 provides, "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly . . . ."

*actually knew* at the time the original complaint was filed." (*General Motors Corp. v. Superior Court, supra,* 48 Cal.App.4th at p. 588.)

As appellant accurately points out, the relation back rule is not the same as the "delayed discovery" rule. Under the delayed discovery rule, "the statute of limitations begins to run 'when the plaintiff suspects or should suspect that [his or] her injury was caused by wrongdoing, that someone has done something wrong to her.' (*Jolly v. Eli Lilly & Co* (1988) 44 Cal.3d 1103, 1110. . . .) Stated otherwise, the limitations period begins once the plaintiff has notice or information of circumstances about [his or] her injury and its negligent cause such as would put a reasonable person on inquiry." (*General Motors Corp. v. Superior Court, supra,* 48 Cal.App.4th at p. 588.) When a plaintiff suspects wrongdoing and therefore has an incentive to sue, the delayed discovery rule provides that the plaintiff "must go find the facts; [he or] she cannot wait for the facts to find her [or him]." (*Id.*)

Thus, the delayed discovery rule concerns when a cause of action accrues for statute of limitations purposes. It requires the plaintiff to use reasonable diligence in discovering the facts necessary to state his or her cause of action. By contrast, the relation back rule determines whether a defendant originally sued in a timely manner, but under a fictitious name, may be identified by his or her true name after the limitations period has expired. Application of the relation back rule depends on whether the plaintiff was actually ignorant of the defendant's true identity on the date the complaint was filed. The relation back rule does not impose on the plaintiff a duty to be diligent in discovering the Doe defendant's true identity. (*McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 942-943.) "While reasonable diligence may be material to the determination of the accrual of a cause of action, reasonable diligence is not germane to determining whether a Doe amendment was timely." (*Id.* at p. 944.)

Here, the trial court concluded that appellant unreasonably delayed in discovering respondents' connection to appellant's injuries. Because appellant did not use "reasonable diligence" in discovering those facts, the trial court ruled the amendment identifying respondents as Doe defendants was untimely. It acknowledged that section

474 "allows the plaintiff to delay suing particular persons until the plaintiff has knowledge of sufficient facts to cause a reasonable person to believe liability is probable. As stated by the [court in *General Motors Corp. v. Superior Court* (1996) 48 Cal.App.4th 580], the plaintiff is not imposed with a duty to 'go in search of facts she does not actually have at the time she files her original pleading.' (*Id.* at 596.) While that is true at the time the complaint is filed, as stated above, the plaintiff is under a duty to at some point conduct a reasonable investigation of all potential causes of the injury. In this instance, [appellant] does not allege sufficient facts to justify its failure to conduct a reasonable and timely investigation."

Here, the trial court's reasoning erroneously conflates the "relation back" rule with the "delayed discovery" rule. We are nevertheless persuaded that the trial court reached the correct result. Section 474 allows a Doe amendment to relate back to the date of the original complaint only where the plaintiff, at the time the complaint was filed, actually "lack[ed] knowledge of that person's connection with the case or with his injuries." (*General Motors Corp. v. Superior Court, supra,* 48 Cal.App.4th at p. 594.) As the court noted in *General Motors,* "Ignorance of the *facts* giving rise to a cause of action is the 'ignorance' required by section 474, and the pivotal question is, ' "did plaintiff know *facts*?" not "did plaintiff know or believe that she had a cause of action based on those facts?" ' " (*Id.*)

Here, the facts alleged in appellant's original complaint (see *ante,* p. 2) established that, when the original complaint was filed, appellant was *not* "genuinely ignorant" of respondent's involvement in the transaction and appellant's resulting damages. (*Woo v. Superior Court* (1999) 75 Cal.App.4th 169, 177.) The original complaint alleges that respondents "represented" Madonna in negotiating with ALV for the purchase of Tract 1259. Madonna "and her employees or agents" were required to, but "failed to disclose" the existence of the pipelines, the 1981 oil spill and the resulting soil and groundwater contamination on the property. ALV's consent to purchase Tract 1259 "was given as the result of fraud by the seller and her agent." Respondent Linda Wilson is the "agent" at issue and appellant further alleges that, "Madonna and Linda

7.

Wilson and Wilson & Company failed to disclose . . . " the pipelines, the spill and the contamination.

These allegations establish that appellant did not actually "lack[] knowledge of [respondents'] connection with the case or with [appellant's] injuries[,]" when appellant filed its original complaint.  (*General Motors Corp. v. Superior Court, supra,* 48 Cal.App.4th at p. 594.)  "[I]f the identity ignorance requirement of section 474 is not met, a new defendant may not be added after the statute of limitations has expired even if the new defendant cannot establish prejudice resulting from the delay."  (*Woo v. Superior Court, supra,* 75 Cal.App.4th at p. 177.)  The trial court properly sustained respondent's demurrer without leave to amend.

### Disposition

The judgment (order of dismissal) is affirmed.  Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.


8.

Dodie Harmon, Judge

Superior Court County of San Luis Obispo

_____


Kurt H. Berger, Lisa A. Hogaraty and Dennis James Balsamo, for Appellant.


Darin L. Wessel; Manning & Kass.  Anne Marie Watson, Mark C. Carlson; Carlson Law Group. For Respondents