

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KISSANDRA TYSMAN, AKA Kissandra Cohen, | No. 12-55561 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-01485-DSF-AJW |
| v. | |
| ANTHONY PELLICANO, | MEMORANDUM[*] |
| Defendant, | |
| And | |
| PACIFIC BELL TELEPHONE COMPANY; CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted February 5, 2014
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SILVERMAN and HURWITZ, Circuit Judges, and VINSON, Senior District Judge.[**]

Kissandra Tysman appeals the district court's grant of summary judgment on statute of limitations grounds to Pacific Bell Telephone Co. ("PacBell") and the City of Los Angeles ("City") in this action raising claims under the Electronic Communications Privacy Act, 18 U.S.C. § 2510-2522 ("ECPA"), the Federal Communications Act, 47 U.S.C. § 605 ("FCA"), and California law. We affirm.

1.    **Claims Against PacBell.**

Under both California and federal law, a cause of action does not accrue until "a plaintiff knows or has reason to know of the injury which is the basis of his action." *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986); *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920 (Cal. 2005). Tysman's First Amended Complaint alleges a single injury -- the invasion of privacy occasioned by the illegal wiretapping of her phone. She became aware of this injury at the latest on March 3, 2003, when the FBI informed her that her phones had been wiretapped.

Tysman concedes that the longest possible statute of limitations period for her claims against PacBell is three years. The complaint filed on February 23, 2007, was thus facially untimely.

---

[**]    The Honorable C. Roger Vinson, Senior District Judge for the U.S. District Court for the Northern District of Florida, sitting by designation.

Tysman argues that the statute of limitations was satisfied because the 2007 complaint should have been treated by the district court as an amendment to a complaint previously filed in 2005 against other defendants, including fictitious "Doe" defendants. California law provides that the substitution of a named defendant for a Doe defendant within three years of the filing of a complaint relates back to the original complaint. Cal. Civ. Proc. Code § 583.210(a); *Norgart v. Upjohn Co.*, 981 P.2d 79, 89 (Cal. 1999). But Tysman cites no authority for the proposition that filing the 2007 lawsuit is the functional equivalent of having moved in 2007 to substitute PacBell into the 2005 lawsuit. The district court did not err in rejecting this argument. *See Overaa v. Keeney*, 147 P. 466 (Cal. 1915); *Woo v. Super. Ct.*, 89 Cal. Rptr. 2d 20, 24-25 (Ct. App. 1999).

The district court also did not abuse its discretion in denying Tysman's motion to amend her 2005 complaint to substitute PacBell for a Doe defendant. That motion was not filed until 2011, well outside the permissible three-year tolling period.

The district court also correctly concluded that a reasonably diligent investigation within the limitations period would have put Tysman on notice that PacBell employees may have been involved in the wiretapping. *Dyniewicz v. United States*, 742 F.2d 484, 486 (9th Cir. 1984); *Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 927

3

(Cal. 1988).

Finally, Tysman's argument that a May 8, 2009 interlocutory order denying PacBell's Rule 12(b)(6) motion to dismiss on statute of limitations grounds constituted law of the case has been expressly rejected by this court. *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993).

### 2. <u>Claim Against the City.</u>

The only claim Tysman asserts against the City is a violation of § 605 of the FCA. In *DirecTV, Inc. v. Webb*, this court held that the one-year limitations period in California's Piracy Act, Cal. Penal Code §§ 593d-593e, applies to claims under § 605. 545 F.3d 837, 847, 849-50 (9th Cir. 2008). Even if we credit Tysman's argument that she could not have discovered the City's possible involvement in this case until the publication of an indictment on February 6, 2006, she nonetheless filed her claim against the City more than a year later.[1]

**AFFIRMED.**

---

[1] Though the district court did not grant summary judgment on this ground, we can affirm on any ground supported by the record. *Dandridge v. Williams*, 397 U.S. 471, 476 n.6 (1970).