Filed 3/4/14  McCormick v. Foremost Ins. Co CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| ALTON MCCORMICK et al., | D062812 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2011-00098920-CU-IC-CTL) |
| FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, | |
| Defendant and Respondent. | |


APPEAL from a judgment of the Superior Court of San Diego County, Joan M. Lewis, Judge.  Affirmed.


Ketti McCormick for Plaintiffs and Appellants.

Greve, Clifford, Wengel & Paras, Lawrence A. Wengel and Bradley W. Kragel for Defendant and Respondent.

In this homeowners insurance coverage case, the trial court determined both that the plaintiffs' complaint was untimely and that, in any event, their underlying claim was

subject to an earth movement exclusion that appeared on the face of their homeowners insurance policy. We find no error and affirm the judgment dismissing the plaintiffs' complaint.

FACTUAL BACKGROUND

On May 22th, 2007, plaintiffs and appellants Alton McCormick and Erinn McCormick purchased a home in the Mount Soledad area of La Jolla. In addition to their home, the McCormicks also purchased a basic dwelling policy from defendant and respondent Foremost Insurance Company Grand Rapids, Michigan (Foremost). The Foremost policy covered both the McCormick's dwelling and their personal effects.

On October 3, 2007, the McCormicks' home was destroyed by a landslide. A house that was situated above the McCormicks' home slid into and entirely destroyed the McCormicks' home. On either the day of the landslide or the day after, October 4th, the McCormicks notified Foremost of their loss.

On October 8, 2007, Foremost denied any coverage for either the McCormicks' home itself or any of their personal possessions. Foremost relied on exclusions in its policy for damage caused by water and earth movement.

Thereafter, the McCormicks were parties to a lawsuit against the City of San Diego. (*Crabbe v. City of San Diego* (Super. Ct. San Diego County, 2010, No. 37-2008-00077405-CU-EI-CTL) & related consolidated cases.) During the course of that lawsuit, on March 10, 2009, Alton McCormick gave a deposition. During the deposition, McCormick was asked if he knew the name of his homeowners insurer. McCormick

initially responded that the insurance carrier was a division of USAA. A few moments later, he identified the insurer as Foremost. Alton McCormick also testified that when he contacted Foremost, he told the Foremost representative his home had been destroyed by a landslide.

TRIAL COURT PROCEEDINGS

On October 5, 2011, the McCormicks filed a complaint against a number of insurance companies. At the time they filed their original complaint, the McCormicks alleged they did not know the name of their homeowners insurer and instead named their homeowners insurer as a Doe defendant. On November 30, 2011, the McCormicks filed a first amended complaint (FAC), which named Foremost as a defendant.

As against Foremost, the FAC alleged causes of action for negligence, breach of contract and tortious breach of contract. With respect to the tortious breach of contract allegation, the McCormicks alleged that Foremost was guilty of fraud because it never intended to pay any of the benefits promised under the terms of its policy. Foremost responded to the FAC by filing a demurrer in which it alleged that the McCormicks' causes of action for negligence and tortious breach of contract were time-barred. The trial court sustained the demurrer without leave to amend.

Foremost then moved for summary judgment with respect to the remaining breach of contract cause of action. Foremost asserted that, at the time the McCormicks filed the original complaint, they knew or should have known Foremost's identity as their insurer and, hence, with respect to the claims against Foremost, the FAC did not relate back to

3

the time of the original complaint and was therefore time-barred.  In addition, Foremost argued that losses caused by earth movement were expressly excluded from its policy and, accordingly, the policy provided no coverage for the McCormicks' loss.  In opposing Foremost's motion, the McCormicks argued they were unable to recall the name of their homeowners insurer at the time they filed their complaint.  However, they did not submit any evidence with respect to their inability to recall Foremost's name.

The trial court granted Foremost's motion for summary judgment and entered a judgment in favor of Foremost.  The McCormicks filed a timely notice of appeal.

DISCUSSION

I

Standards of Review

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules.  'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.]  We also consider matters which may be judicially noticed.'  [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.  [Citation.]  When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action.  [Citation.]  And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.

4

[Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff. [Citation.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

"On appeal after a motion for summary judgment has been granted, we review the record de novo, considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained. [Citation.]" (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.) We make "an independent assessment of the correctness of the trial court's ruling, applying the same legal standard as the trial court in determining whether there are any genuine issues of material fact or whether the moving party is entitled to judgment as a matter of law. [Citations.]" (*Iverson v. Muroc Unified School Dist.* (1995) 32 Cal.App.4th 218, 222-223.) Thus, in reviewing the order granting summary judgment, our task is to determine, de novo, whether Foremost was able to establish its statute of limitations defense or show that one or more elements of the McCormicks' breach of contract claim could not be established.

## II

With respect to Foremost's successful demurrer to the McCormicks' negligence and tortious breach of contract claims, the record on appeal only contains the trial court's minute order sustaining the demurrer without leave to amend. As Foremost points out, because the record on appeal does not contain either Foremost's moving papers or the McCormicks' response to the demurrer, the record is incomplete with respect to the McCormicks' argument that the trial court erred in sustaining the demurrer, and we may

5

treat their argument as abandoned. (See *In re Valerie A.* (2007) 152 Cal.App.4th 987, 1002-1003.)

Notwithstanding the McCormicks' failure to present an adequate record, the face of the FAC discloses that the negligence and tortious breach of contract claims are time-barred. "The period of limitation prescribed for '[a]n action upon a contract, obligation or liability not founded upon an instrument in writing' is two years. (Code Civ. Proc., § 339, subd. 1.) [¶] The period of limitation prescribed for '[a]n action for relief on the ground of fraud or mistake' is three years. (Code Civ. Proc., § 338, subd. (d).) 'The cause of action in that case is not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.' [Citation.]" (*Butcher v. Truck Ins. Exchange* (2000) 77 Cal.App.4th 1442, 1468, fn. 22.)

In light of the fact the FAC alleges that Foremost denied the McCormicks' claim on October 7, 2007, the face of the record shows that neither the original complaint nor the FAC were filed within in two years of any negligence or breach of duty attributable to Foremost, as required by Code of Civil Procedure section 339, subdivision 1. Foremost's October 7, 2007 denial of the McCormicks' claim also shows both the original complaint and the FAC were filed more than three years after the McCormicks should have discovered any fraud on the part of Foremost. "The courts interpret discovery in [the] context [of fraud] to mean not when the plaintiff became aware of the specific wrong alleged, but when the plaintiff suspected or should have suspected that an injury was caused by wrongdoing. The statute of limitations begins to run when the plaintiff has

6

information [that] would put a reasonable person on inquiry.  A plaintiff need not be aware of the specific facts necessary to establish a claim since they can be developed in pretrial discovery.  Wrong and wrongdoing in this context are understood in their lay and not legal senses.  [Citation.]  [¶]  . . .'"Under this rule constructive and presumed notice or knowledge are equivalent to knowledge.  So, when the plaintiff has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to [her] investigation (such as public records or corporation books), the statute commences to run."  [Citation.]'"  (*Kline v. Turner* (2001) 87 Cal.App.4th 1369, 1374.)  Plainly, in October 2007, the McCormicks were put on notice that they would not receive benefits under the policy and therefore had three years to bring a claim that Foremost had no intention of paying the benefits.  (*Ibid.*)

In sum, the record does not permit us to disturb the trial court's ruling on Foremost's demurrer.

### III

The trial court also properly found that the McCormicks' breach of contract claim was time-barred.

Under Code of Civil Procedure section 337, subdivision 1, the McCormicks had four years from the date of any breach of the written insurance policy in which to bring a contract action against Foremost.  The McCormicks original October 5, 2011 complaint was brought within four years of Foremost's written denial of coverage and, if it had named Foremost, it would have been timely with respect to the breach of contract claim.

7

However, as we have indicated, Foremost was not named as a defendant until the FAC was filed on November 30, 2011, more than four years after Foremost's written denial. In light of the fact that Alton McCormick was able to identify Foremost as his insurer at his deposition in 2009 in the related action against the city, the FAC did not relate back to the date of the original complaint.

Code of Civil Procedure section 474 permits a plaintiff, who is unaware of the name of a defendant, to sue the defendant as a fictitious party and, when the party's name is discovered, amend the complaint and properly identify the defendant. For purposes of applying the statute of limitations, a defendant is treated as if it was named at the time the complaint was filed. (See *Woo v. Superior Court* (1999) 75 Cal.App.4th 169, 177 (*Woo*).) However, the relation back permitted by Code of Civil Procedure section 474 does not apply unless the plaintiff is genuinely ignorant of the defendant's identity at the time the original complaint is filed. (*Ibid.*) "The omission of the defendant's identity in the original complaint must be real and not merely a subterfuge for avoiding the requirements of section 474. [Citation.] Furthermore, if the identity ignorance requirement of section 474 is not met, a new defendant may not be added after the statute of limitations has expired even if the new defendant cannot establish prejudice resulting from the delay. [Citation.] However, if the plaintiff is actually ignorant of the defendant's identity, the section 474 relation-back doctrine applies even if that ignorance is the result of the plaintiff's negligence. [Citations.]" (*Ibid.*)

8

In *Woo*, we held that where the plaintiff contends that he or she forgot the name of the defendant, application of Code of Civil Procedure section 474 requires some proof the plaintiff nonetheless reviewed readily available information likely to refresh his or her memory. (*Woo*, *supra*, 75 Cal.App.4th at p. 180.) Here, the McCormicks offered no such proof.

One court has permitted a plaintiff, who knew the name of a defendant and then later forgot it, to rely on the relation back provided by Code of Civil Procedure section 474, without proof of the diligence we required in *Woo*. (See *Balon v. Drost* (1993) 20 Cal.App.4th 483, 489-490.) However, in *Balon*, which we criticized in *Woo*, the plaintiff produced a declaration in which she explained she had been given a slip of paper with the name of the driver of the car that had collided with her and later lost it. Here, of course, we have no such evidentiary explanation from the McCormicks; rather, all we have in terms of evidence is Alton McCormick's 2009 deposition testimony in which he was able to recall Foremost's name and the argument, asserted by counsel, that the McCormicks had forgotten the name of the insurer.[1] Thus, even under the more liberal standard of ignorance set forth in *Balon*, Alton McCormick's unrebutted deposition testimony shows that the McCormicks were in fact aware of the name of the insurer at the time they filed the original complaint.

---

[1] We also note that neither the original complaint, which alleges ignorance of the identity of the insurer, nor the FAC, which identifies Foremost as one of the fictitious defendants, was verified by either one of the McCormicks.

In sum, the record shows the McCormicks' breach of contract claim was made more than four years after Foremost's alleged breach and was therefore untimely.

IV

The record also demonstrates that, in any event, the McCormicks' losses were subject to an earth movement exclusion in the Foremost policy.

"An insurer may 'seek[ ] summary judgment on the ground the claim is excluded,' in which case it has 'the burden . . . to prove that the claim falls within an exclusion. [Citation.]' [Citation.] To satisfy its burden, an insurer need not 'disprove every possible cause of the loss' and once the insurer establishes the claim is excluded, the burden shifts to the insured to show a triable issue of material fact exists. [Citation.]" (*Roberts v. Assurance Co. of America* (2008) 163 Cal.App.4th 1398, 1406.)

The Foremost policy expressly excludes: "3. Loss or damage resulting from earth movement, meaning:

"a. earthquake, including land shock waves or tremors before, during or after volcanic eruption;

"b. landslide;

"c. mudflow;

"d. earth sinking, rising or shifting;

"e. mine subsidence. But we will pay for direct loss by fire or explosion which results from any of these."

10

The face of the FAC alleges that the McCormicks' home was destroyed by a landslide. Moreover, at his deposition in the related case against the city, Alton McCormick stated that when he spoke to a Foremost claims representative he told the representative his home had been damaged by a landslide. As Foremost contends, the judicial admission that appears on the face of the FAC and Alton McCormick's deposition testimony are more than sufficient to establish that the McCormicks' losses were caused by a landslide and subject to the earth movement exclusion. Importantly, in opposing Foremost's motion, the McCormicks did not present any evidence that their home was damaged as the result of any circumstance or event other than the landslide. Thus, the trial court properly found that, as a matter of law, the McCormicks' losses were subject to the earth movement exclusion. (See *Roberts v. Assurance Co. of America*, *supra*, 163 Cal.App.4th at p. 1406.)

## DISPOSITION

The judgment is affirmed. Foremost to recover its costs on appeal.

BENKE, Acting P. J.

WE CONCUR:

HUFFMAN, J.

McDONALD, J.

11