Filed 2/8/21  Jacobs v. Pritz CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| KENNETH JACOBS, | B301157 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC708960) |
| v. | |
| RACHEL ANN PRITZ, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Georgina T. Rizk, Judge.  Affirmed.

Steven W. Kerekes and Daniel C. Lieb, for Plaintiff and Appellant.

Law Offices of Cleidin Z. Atanous, Cleidin Z. Atanous; Raffalow, Bretoi, Lutz & Stele, Brian S. Dewey, for Defendant and Respondent Rachel Ann Pritz.

# I.    INTRODUCTION

After his car was struck by another car, Kenneth Jacobs filed a negligence action against Dana Lynn Pritz,[1] an insured person on the other car.  Shortly after the statute of limitations ran, Jacobs named Rachel Ann Pritz,[2] apparently Dana's daughter and the other car's driver, as a defendant in his first amended complaint through a "Doe" amendment.  Jacobs subsequently filed an "incorrect name" amendment to his first amended complaint substituting Rachel for Dana as the only named defendant, asserting he had incorrectly named Dana rather than Rachel.  Relying on the statute of limitations, Rachel moved for summary judgment and demurred to the incorrect name amendment.  The trial court granted the summary judgment motion and sustained the demurrer.  Jacobs appeals and we affirm.

# II.    BACKGROUND

On June 5, 2018, Jacobs filed his original complaint asserting a single cause of action for negligence against Dana and Does 1 through 25.  Shortly thereafter, on June 22, 2018, Jacobs

---

[1]    Pritz also is referred to throughout the record as "Danalynn."  We have adopted the name her attorneys use on appeal.

[2]    Rachel Ann Pritz is also referred to throughout the record as "Rachael" and her attorneys refer to her alternatively as "Rachel" and "Rachael."  We have adopted the name listed on the case caption.  For clarity, we will refer to the Pritzes by their first names.

filed his first amended complaint for negligence, again naming Dana and Does 1 through 25 as defendants.  Five days later, on June 27, 2018, Jacobs filed a Doe amendment substituting Rachel for defendant Doe 1.

Jacobs's first amended complaint alleged, in relevant part, that on June 18, 2016, he was driving his car onto a freeway onramp when he was negligently rear-ended "by a vehicle being driven, owned, operated, maintained, and leased by Defendants," injuring him.  In her answer to the first amended complaint, Rachel asserted that the negligence cause of action against her was barred by the two-year statute of limitations in Code of Civil Procedure section 335.1.[3]

Rachel moved for summary judgment, arguing that Jacobs had not brought his negligence action against her within the limitations period in section 335.1 and his Doe amendment did not relate back to the timely-filed original complaint under section 474.  Among the evidence Rachel submitted in support of her motion was the transcript of an interview of Jacobs conducted two days after the accident by a claims department representative from the Pritzes' insurer, Mercury Insurance Company (Mercury).  In the interview, the Mercury representative and Jacobs had the following exchange:

"[Mercury representative]:    Okay.  And then I have the driver listed as a Rachel Prince (PH)?

"[Jacobs]:    I'm sorry, say that again?

"[Mercury representative]:    Rachel Prince?

"[Jacobs]:    Yes, I believe—yes, that was—that was the ID that we got."

---

[3]    All further statutory references are to the Code of Civil Procedure.

3

Jacobs told the Mercury representative that after the accident, he had spoken with the other car's driver. She was upset and apologetic. After telling her that she should call her father, Jacobs and the other car's driver "started to exchange information and stuff . . . ."

In his declaration submitted in opposition to Rachel's summary judgment motion, Jacobs stated, "On June 19, 2018, after retaining [a new attorney], I forwarded some photographs on my [cell phone] relating back to the night of the incident which I recalled taking. Amongst the photographs were photographs of the damage to both vehicles, photographs of me and a photograph of a driver's license in the name of 'Pritz, Rachel Ann', which I have no recollection of ever examining. I immediately forwarded the photographs to [my attorney's] office via email on June 19, 2018."

On July 19, 2019, as Rachel's summary judgment motion was pending, Jacobs filed an incorrect name amendment to his first amended complaint stating that he had designated a defendant in his first amended complaint by the incorrect name— Dana—and had discovered the defendant's true name—Rachel. Rachel demurred to the incorrect name amendment asserting it was barred by the two-year statute of limitations in section 335.1.

The trial court granted Rachel's summary judgment motion and sustained her demurrer. It found that Rachel's evidence "establishe[d] without dispute, that [Jacobs] was aware of [Rachel's] identity and her involvement in the accident based on the undisputed material facts." It ruled that Jacobs's negligence action against Rachel was barred by the two-year statute of limitations in section 335.1 and Jacobs's Doe amendment naming Rachel did not relate back to the original complaint's filing date.

Likewise, the statute of limitations barred the incorrect name amendment.[4]

## III.   DISCUSSION

Jacobs contends that the trial court erred in granting Rachel's summary judgment motion and sustaining her demurrer.  We disagree, and hold the court properly granted summary judgment.[5]

### A.   *Standard of Review*

"'"[A] defendant moving for summary judgment based upon the assertion of an affirmative defense . . . [']has the initial burden to show that undisputed facts support each element of the affirmative defense' . . . .  If the defendant does not meet this burden, the motion must be denied."  [Citations.]'  [Citation.] '[T]he burden shifts to the plaintiff to show there is one or more triable issues of material fact regarding the defense after the defendant meets the burden of establishing all the elements of the affirmative defense.  [Citations.]'"  (*Shiver v. Laramee* (2018)

---

[4]    The court did not decide Dana's motion for judgment on the pleadings, ruling it was moot.  Jacobs filed his notice of appeal on September 25, 2019.  The court filed the judgment in Rachel's favor on October 8, 2019.  Although Jacobs's appeal therefore was premature, we exercise our discretion to construe the notice of appeal as filed immediately after the judgment.  (Cal. Rules of Court, rule 8.104(d)(2).)

[5]    Because we hold the trial court correctly granted summary judgment, we do not reach its ruling on Rachel's demurrer.

24 Cal.App.5th 395, 400; *Jessen v. Mentor Corp.* (2008) 158 Cal.App.4th 1480, 1484–1485.)

"On appeal after a motion for summary judgment has been granted, we review the record de novo, considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained." (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.)

## B.    *Analysis*

Generally, an amendment to a complaint that adds a new defendant does not relate back to the date the original complaint was filed and the statute of limitations is applied as of the date the amendment was filed. (*Woo v. Superior Court* (1999) 75 Cal.App.4th 169, 176 (*Woo*).) Under section 474,[6] however, a plaintiff may substitute a new defendant for a fictitious Doe defendant named in the original complaint. (*Woo, supra*, 75 Cal.App.4th at p. 176.) If the plaintiff satisfies section 474's requirements, a Doe amendment filed after the statute of limitations has run is deemed filed on the date the original complaint was filed. (*Woo, supra*, 75 Cal.App.4th at p. 176.)

Among the requirements for section 474's relation-back doctrine to apply is that the plaintiff must have been genuinely ignorant of the new defendant's identity at the time he filed the

---

[6]    Section 474 provides, in relevant part, "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly . . . ."

original complaint. (*Woo, supra*, 75 Cal.App.4th at p. 177; *McClatchy v. Coblentz, Patch, Duffy & Bass, LLP* (2016) 247 Cal.App.4th 368, 372 [ignorance under section 474 must be genuine and not feigned]; *Hazel v. Hewlett* (1988) 201 Cal.App.3d 1458, 1464 [for the relation-back doctrine under section 474 to apply, "it is necessary that the plaintiff actually be ignorant of the name or identity of the fictitiously named defendant at the time the complaint is filed"].) Without genuine ignorance, the plaintiff may not add a new defendant after the statute of limitations has run, even if the delayed filing would not prejudice the new defendant. (*Woo, supra*, 75 Cal.App.4th at p. 177.) The genuine ignorance requirement is met even if it resulted from the plaintiff's negligence. (*Ibid.*)

"[I]f the plaintiff knows the defendant's identity and then forgets it at the time the complaint is filed, to use the section 474 relation-back doctrine to avoid the bar of the statute of limitations the plaintiff must have at least reviewed readily available information likely to refresh his or her memory. If the defendant cannot be identified from readily available information, then section 474 is available; if the defendant can be identified from the readily available information, then section 474 is unavailable." (*Woo, supra,* 75 Cal.App.4th at p. 180.)

The evidence established that Jacobs knew of Rachel's identity as the other car's driver prior to filing his original complaint. Jacobs told a Mercury representative that after the accident he spoke with and exchanged information with the other car's driver. In his declaration, Jacobs stated he had photographs on his cell phone that he had taken at the time of the accident that included a photograph of Rachel's driver's license. Two days after the accident, a Mercury representative told Jacobs that she

7

had the driver listed as "Rachel Prince." Jacobs said, "Yes, I believe—yes, that was—that was the ID that we got."

Jacobs may have forgotten Rachel's identity as the other car's driver by the time he filed his original complaint almost two years after the accident. Because, however, he had the photograph of Rachel's driver's license on his cell phone—i.e., "readily available information likely to refresh his . . . memory" about her identity—at the time he filed his original complaint, he did not satisfy the requirements of section 474's relation-back doctrine.[7] (*Woo, supra,* 75 Cal.App.4th at p. 180.) Accordingly, the trial court correctly found that Jacobs's negligence cause of action against Rachel was barred by the statute of limitations and properly granted summary judgment.

---

[7] We decline Jacobs's invitation to follow *Balon v. Drost* (1993) 20 Cal.App.4th 483, 489 (*Balon*), in which the majority concluded that a plaintiff who knew defendant's name but then forgot it and did not inquire about it before filing a complaint was entitled to rely on section 474's relation-back doctrine. Like the court in *Woo, supra,* 75 Cal.App.4th at pages 180–181, we find the majority opinion in *Balon* unpersuasive.

## IV. DISPOSITION

The judgment is affirmed.  Rachel is awarded her costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


KIM, J.


We concur:


RUBIN, P. J.


MOOR, J.