[No. C045927. Third Dist. Dec. 17, 2004.]

LEROY HAWKINS, JR., Plaintiff and Appellant, v.
PACIFIC COAST BUILDING PRODUCTS, INC., Defendant and
Respondent.

COUNSEL

Leroy Hawkins, Jr., in pro per., for Plaintiff and Appellant.

Davenport Gerstner & McClure, Steven Thomas Davenport, Jr., and Jeffrey G. McClure for Defendant and Respondent.

OPINION

**SIMS, Acting P. J.**—Plaintiff Leroy Hawkins, Jr., appeals from a judgment dismissing his first amended complaint for racial harassment and/or discrimination and breach of contract, after the trial court sustained without leave to amend the demurrer of defendant Pacific Coast Building Products, Inc. (Pacific Coast). Hawkins contends the court erred in determining his first amended complaint was time-barred.

Because we agree that, as to the noncontract causes of action only, the filing of Hawkins's first amended complaint related back to the date his original complaint was filed, we shall reverse the judgment of dismissal and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2001, Hawkins filed a complaint with the Department of Fair Employment and Housing (DFEH), asserting he had been unlawfully laid off from his job in September 2000 by his employer, Basalite Corporation, in

retaliation for having complained about racial harassment in the workplace.[1] He listed his employer's address as 11888 Linne Road, Tracy, California. The DFEH sent a notice of Hawkins's complaint to Basalite Corporation.

DFEH issued a right-to-sue letter on December 27, 2001, informing Hawkins of his right to bring a civil action against the "person [or] employer" named in his complaint, and that such an action must be filed within one year from the date of the right-to-sue notice.

On November 13, 2002, Hawkins filed his original complaint "[f]or Race Discrimination, Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Racial Harassment." The sole named defendant was Basalite Corporation.[2] His breach of contract claims allege he was hired in 1997, wrongfully terminated in September 2000, and wrongfully denied an opportunity later that month to take another available job for which he was qualified, all in breach of an "express and implied-in-fact employment contract" evidenced by "various written documents, commendations, oral representations . . . and the parties['] entire course of conduct . . . ."

After Hawkins's request to California Secretary of State for Basalite Corporation's authorized agent for service of process came back stamped, "No Record," he purported to serve Basalite Corporation with the complaint and summons by hand delivery to the person apparently in charge at 11888 West Linne Road in Tracy.

Pacific Coast owns and operates a block manufacturing plant in Tracy, at which it does business under the name Basalite. The office manager of that facility, William Murdock, received the summons and complaint from the process server purporting to serve Basalite Corporation.

In March 2003, Pacific Coast appeared specially and moved to quash service of Hawkins's complaint for lack of personal jurisdiction, on the ground that the summons and complaint fail to designate Pacific Coast as a defendant, and the summons purportedly served on Pacific Coast makes no indication that it had been served under a fictitious name, as required by Code

---

[1] Hawkins alleged that, after he "became aware of extremely offensive racial graffiti in the company restroom," he reported the graffiti to the safety coordinator, who asked Hawkins not to call the police, and Hawkins's requests to the superintendent to address the matter with staff went unanswered.

[2] Hawkins also purported to sue Does 1 to 3, but he made no appropriate fictitious name allegations pursuant to Code of Civil Procedure section 474. Hawkins has at all times acted as his own attorney.

of Civil Procedure section 474.[3] In support of the motion, office manager Murdock averred that Pacific Coast "does business under the name Basalite" and that he is not, and never has been, an employee of Basalite *Corporation.*

Hawkins responded to the motion to quash by moving pursuant to Code of Civil Procedure section 473, subdivision (a)[4] to amend his complaint to substitute "Pacific Coast Building Products, Inc., [doing business as (dba)] Basalite" in place of defendant Basalite Corporation, on the ground that Pacific Coast "owns and operates" Basalite.

The trial court granted Pacific Coast's motion to quash service of Hawkins's summons and complaint[5] and then granted Hawkins's motion to amend his complaint. The first amended complaint was deemed filed April 30, 2003.

---

[3] Code of Civil Procedure section 474 provides: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly; provided, that no default or default judgment shall be entered against a defendant so designated, unless it appears that the copy of the summons or other process, or, if there be no summons or process, the copy of the first pleading or notice served upon such defendant bore on the face thereof a notice stating in substance: 'To the person served: You are hereby served in the within action (or proceedings) as (or on behalf of) the person sued under the fictitious name of (designating it).' The certificate or affidavit of service must state the fictitious name under which such defendant was served and the fact that notice of identity was given by endorsement upon the document served as required by this section. The foregoing requirements for entry of a default or default judgment shall be applicable only as to fictitious names designated pursuant to this section and not in the event the plaintiff has sued the defendant by an erroneous name and shall not be applicable to entry of a default or default judgment based upon service, in the manner otherwise provided by law, of an amended pleading, process or notice designating defendant by his true name."

[4] Code of Civil Procedure section 473, subdivision (a)(1) states in relevant part: "The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect . . . . The court may likewise, in its discretion, after notice to the adverse party, allow, upon any terms as may be just, an amendment to any pleading or proceeding in other particulars . . . ."

[5] The hearing on Pacific Coast's motion to quash was held on April 23, 2003. An order submitted by Pacific Coast's counsel, *signed by Judge McNatt* on April 30 and filed on that same day, states that the motion to quash is granted. It also states that the court's tentative ruling was to grant the motion, and no oral argument was requested.

While this appeal was pending, we granted Hawkins's request to augment the record to include an order prepared by him, dated June 6, 2003, bearing a file stamp with the same date and stamped in the signature line with the same judge's name, which purports to deny Pacific Coast's motion to quash.

Without speculating how these conflicting court orders came to be filed, we conclude the April 30, 2003, order signed by the judge and filed within a week of the hearing represents the court's ruling on Pacific Coast's motion to quash, and we disregard Hawkins's assertion on appeal to the contrary.

Pacific Coast then filed the demurrer to the first amended complaint at issue here. It asserted that the first and fourth causes of action (for racial discrimination and retaliation for complaining of racial harassment) are time-barred because Hawkins failed to file any action against Pacific Coast within one year of the date of the right-to-sue notice issued by DFEH, and the second and third causes of action (for breach of oral employment contract and breach of the implied covenant of good faith and fair dealing contained in that oral contract) are time-barred because Hawkins failed to file his action against Pacific Coast within two years of the alleged September 2000 breaches.

Hawkins opposed the motion, asserting that the "relation-back" doctrine should apply to defeat the statute of limitations. He also asserted that Pacific Coast had responded to DFEH in the name of Basalite Corporation or had otherwise "misrepresent[ed]" itself as Basalite Corporation.

After a hearing, the trial court sustained the demurrer without leave to amend on the grounds urged by Pacific Coast.

## DISCUSSION

■ A demurrer tests the legal sufficiency of the complaint. (*Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497 [57 Cal.Rptr.2d 406].) ■ If a complaint shows on its face (or from matters of which the court must or may take judicial notice (Code Civ. Proc., § 430.30)) that a cause of action is barred by the statute of limitations, a general demurrer for failure to state a cause of action will be sustained. (*Kendrick v. City of Eureka* (2000) 82 Cal.App.4th 364, 367 [98 Cal.Rptr.2d 153].) ■ "A trial court's decision to dismiss a case after sustaining a general demurrer is based predominantly on a question of law. [Citation.] The trial court's ruling is, therefore, subject to de novo review, meaning that we independently exercise our judgment about whether the complaint properly states a cause of action." (*Id.* at p. 368.)

Hawkins's claims for racial harassment and/or discrimination (counts one and four) are subject to a one-year statute of limitations that began to run on the date of his right-to-sue letter. (Gov. Code, § 12965, subd. (b); *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081–1082 [6 Cal.Rptr.3d 457, 79 P.3d 569].) Absent a written contract (and none is identified, appended to the complaint, or otherwise incorporated), Hawkins's contract claims (counts two and three) are subject to a two-year statute of limitations. (Code Civ. Proc., § 339.)

In his original complaint, filed in November 2002, Hawkins pleaded that he was wrongfully terminated and wrongfully denied an opportunity letter in

September 2002. Accordingly, the statute of limitations on these claims began to run no later than October 1, 2002.

Thus, Hawkins's contract-based claims cannot be salvaged by this appeal, as they were time-barred when he filed the original complaint in November 2002. As to those two causes of action, the trial court properly sustained Pacific Coast's demurrer.

To avoid the operation of the statutes of limitations as to the noncontract (harassment or discrimination) claims, Hawkins insists his first amended complaint only corrected an error in the defendant's name, and the trial court should have applied the relation-back doctrine to conclude the first amended complaint naming Pacific Coast as defendant should have been deemed timely filed on the date of the original complaint's filing. We agree.

Code of Civil Procedure section 473, subdivision (a)(1), allows the trial court to permit a party "to amend any pleading . . . by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect . . . ."

■ As a general rule, "an amended complaint that adds a new defendant does *not* relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed, not the date the original complaint is filed." (*Woo v. Superior Court* (1999) 75 Cal.App.4th 169, 176 [89 Cal.Rptr.2d 20], italics added.) But where an amendment does not add a "new" defendant, but simply corrects a misnomer by which an "old" defendant was sued, case law recognizes an exception to the general rule of no relation back. (E.g., *Diliberti v. Stage Call Corp.* (1992) 4 Cal.App.4th 1468, 1470–1471 [6 Cal.Rptr.2d 563]; *Kerr-McGee Chemical Corp. v. Superior Court* (1984) 160 Cal.App.3d 594, 599 [206 Cal.Rptr. 654] & fn. 3, *Ingram v. Superior Court* (1979) 98 Cal.App.3d 483, 491 [159 Cal.Rptr. 557]; *Stephens v. Berry* (1967) 249 Cal.App.2d 474, 479 [57 Cal.Rptr. 505].)

The rationale behind allowing an exception to the general no-relation-back rule when the plaintiff seeks to correct a mistake in the defendant's name was explained in *Mayberry v. Coca Cola Bottling Co.* (1966) 244 Cal.App.2d 350, at pages 352 through 353 [53 Cal.Rptr. 317]: "[T]he general rule supplies no litmus to differentiate between erroneous description and change of identity. It ignores the difference between a plaintiff who has committed an excusable mistake and one who seeks a free option among potential liability targets after the statute has run; neither does it consider modern business practices, which often divide integrated business operations—if only for tax purposes— among a group of artificial legal entities. To accommodate the latter factors,

an 'exception to the general rule' has been formulated, which permits correction where the plaintiff has committed an excusable mistake attributable to dual entities with strikingly similar business names or to the use of fictitious names." (*Id.* at pp. 352–353 [allowing amendment of complaint after expiration of statute of limitations to change defendant's name from Coca Cola Bottling Company of Sacramento, a partnership, to Coca Cola Bottling Company of Sacramento, Ltd. based on a finding his mistake was excusable because two entities had strikingly similar business names, were housed on the same premises, some personnel worked for both, and because the named defendant's conduct had perpetuated the error "beyond the point of repair"]; see also *Cuadros v. Superior Court* (1992) 6 Cal.App.4th 671, 676 [8 Cal.Rptr.2d 18] [allowing amendment of complaint after statute had run to change defendants' names from Budget Rent-A-Car Inc. and K. H. Group, doing business as Budget Rent A Car of Santa Monica, to Budget Rent a Car of Brentwood, based on findings all entities shared similar names, involved the same business, had the same owner and/or officer, used the same address, and defense counsel was estopped by their silence from objecting].)

■ Whether a plaintiff may amend the complaint to change a party's description or characterization "after the statute of limitations has run depends on whether the misdescription or mischaracterization is merely a misnomer or defect in the description or characterization, or whether it is a substitution or entire change of parties. In the former case an amendment will be allowed; in the latter, it will not be allowed." (*Thompson v. Palmer Corporation* (1956) 138 Cal.App.2d 387, 390 [291 P.2d 995]; accord, *Diliberti v. Stage Call Corp., supra,* 4 Cal.App.4th 1468; 5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 1151, p. 609.) Further, as "Witkin has observed, 'the allowance of amendment and relation back to avoid the statute of limitations does not depend on whether the parties are technically or substantially changed; rather the inquiry is as to whether the nature of the action is substantially changed.' " (*Diliberti v. Stage Call Corp., supra,* at p. 1470; 5 Witkin, *supra,* § 1151, p. 609.)

■ For this reason, courts have long allowed a plaintiff to correct the name of a defendant who conducts business under a fictitious name after the statute of limitations has run, even when no deceit was intended. (*Walsh v. Decoto* (1920) 49 Cal.App. 737, 739–740 [194 P. 298] [amendment after statute of limitations expired properly allowed to permit plaintiff to substitute Decoto "doing business under the name and style" of Blue Taxicab Corporation in place of named defendant Blue Taxicab Corporation; but see *Kerr-McGee Chemical Corp. v. Superior Court, supra,* 160 Cal.App.3d 594, 599.)

By defectively describing "Pacific Coast dba Basalite" as Basalite Corporation, Hawkins's original complaint merely misnamed the proper

defendant. Although we see nothing in the record to support Hawkins's claim that Pacific Coast has misrepresented itself as Basalite *Corporation*, it admittedly conducts its business dealings in the name of Basalite. Allowing Hawkins to substitute the correct name for his original misdescription of the only named defendant neither changes the nature of the action nor represents an "entire change of parties." (See *Thompson v. Palmer Corp., supra,* 138 Cal.App.2d 387, 390.) Hawkins was at all times attempting to sue a single entity, his former employer of three years, for wrongful termination. Although apparently unaware of his former employer's proper corporate name until he received Pacific Coast's motion to quash service of the original complaint and summons, Hawkins nonetheless knew the identity of the alleged tortfeasor—the business entity known as Basalite—and the address at which it conducted business.

In our view, Hawkins "committed an excusable mistake attributable to . . . the use of fictitious names" (see *Mayberry v. Coca Cola Bottling Co., supra,* 244 Cal.App.2d 350, 353). The trial court should have applied the relation-back doctrine to the first and fourth causes of action stated in Hawkins's first amended complaint and overruled Pacific Coast's demurrer to those causes of action.

## DISPOSITION

The judgment is reversed. The matter is remanded for further proceedings consistent with this opinion. Hawkins shall recover his costs on appeal. (Cal. Rules of Court, rule 27(a)(4).)

Raye, J., and Butz, J., concurred.

On December 22, 2004, the opinion was modified to read as printed above.