Filed 9/18/20  Richardson v. Hwang CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CHEVELLE RICHARDSON et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>STEPHEN HSING HWANG et al.,<br><br>        Defendants and Respondents. | A158443<br><br>(Alameda County<br>Super. Ct. No. HG18895178) |

Stephanie Hwang, while driving her parents' car, rear-ended plaintiffs Chevelle Richardson and Nathaniel Jones.  Plaintiffs filed suit, naming as defendants only Stephanie's parents, Stephen and Shirley Hwang,[1] and Does one through five.  Plaintiffs alleged Shirley was the driver.

After the statute of limitations ran, plaintiffs filed a First Amended Complaint adding Stephanie as a defendant and alleging she was the driver, and retaining Shirley as a defendant and alleging she was a co-owner of the vehicle.  Stephanie interposed a demurrer on statute of limitations grounds, which the trial court sustained with leave to amend.  Plaintiffs then filed a Second Amended Complaint substituting Stephanie as Doe 1, and retaining

---

[1]  We refer to the Hwangs by their first names to avoid confusion.

1

Shirley as a defendant. Stephanie again interposed a demurrer, which the court again sustained, this time without leave to amend.

Plaintiffs challenge the sustaining of both demurrers, asserting their addition of Stephanie as either a named defendant or a Doe defendant "relate[d] back" to the date they filed their original complaint. We conclude the trial court did not err and affirm the dismissal of Stephanie.

## BACKGROUND

After Stephanie rear-ended the vehicle Richardson was driving, and in which Jones was riding as a passenger, the parties exchanged information. The collision was at a low speed, and there was only slight damage to the two vehicles.

Stephanie provided Jones with the registration and insurance certificate of the car she was driving, both of which showed her parents as the owners. She also provided Jones with her driver's license. Jones made a handwritten note (on a piece of paper provided by Richardson[2]) of Stephanie's parents' names and took at least one photograph of Stephanie's driver's license. Richardson did not record any information.

Four days before the two-year statute of limitations ran, plaintiffs filed the instant lawsuit, naming as defendants only Stephen and Shirley. Plaintiffs alleged two causes of action: (1) negligence against Shirley, Stephen, and Does one through five and (2) negligent entrustment against Stephen and Does three through five. Plaintiffs referred to Shirley as "Ms. Hwang" and alleged "MS HWANG was driving a Honda of unknown age and model (the 'HONDA'), owned by MR. HWANG."

---

[2] At oral argument plaintiff's counsel stated subsequent discovery revealed Richardson had written the note, but acknowledged this appeal must be decided on the record before the trial court at the time. Nor, as we explain, does this slight factual difference matter to outcome here.

2

Three months later, Stephen and Shirley filed an answer, denying plaintiffs' allegations and raising numerous affirmative defenses.

Three months after that (and six months after the two-year statute of limitations ran), plaintiffs filed a motion for leave to amend pursuant to Code of Civil Procedure section 473, subdivision (a)(1),[3] to add Stephanie as a defendant and allege she was liable as the driver. They claimed "the true name of the driver was not known at the time of the filing and [the driver] was sued under the erroneous belief that her name was Shirley."

However, Jones submitted a declaration stating, "I took a picture of the driver's license given to me by the driver of one of the vehicles involved in the aforementioned accident," but "[a]t the time this matter was filed, I did not recall the name that appeared on that license, but I believed that the driver of the Defendant's vehicle was named Shirley Hwang based upon the photo attached hereto as Exhibit A."[4] Richardson also filed a declaration stating,

---

[3] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[4] There are three copies of this exhibit, which is a copy of a cell phone photo, in the record. One of these copies is markedly clearer that the others, and one of the copies is of the same photo rotated 180 degrees. The clearest copy shows the photo is of Stephanie's driver's license laying atop Jones's handwritten note of her parents' names and contact information. The exhibit shows only about half of Stephanie's driver's license, the half with her photo. The exhibit nevertheless establishes, as the trial court would later observe , that plaintiffs had in hand Stephanie's driver's license, as well as the vehicle registration and insurance information showing the car was owned by her parents, Stephen and Shirley.

Stephanie attached to her respondents' brief a copy of another cell phone photo she described as follows: "The photograph identifie[d] where this photo was saved in [the] Dropbox, and it is photo #3. Behind Exhibit A was another photograph, and this photograph contains Stephanie's entire name. Appellants' Appendix, page 370 contains a defective Exhibit A. A clear picture of Exhibit A shows that Mr. Jones did in fact have Stephanie's

3

"To the best of my recollection, I was not aware of the name of the driver of the vehicle that hit me on March 4, 2016," and "[a]t the time the complaint in this matter was filed, I did not know the name of the driver of the vehicle that hit me."

Stephanie opposed the motion, maintaining it was an improper attempt to substitute her as a Doe defendant after the statute of limitations ran.

Reciting that plaintiffs expressly disavowed that they were seeking leave to substitute Stephanie as a Doe defendant, the trial court granted the motion for leave to amend. The trial court was cognizant of the limitations issues Stephanie had raised and made clear she would be able to challenge the timeliness of any amended complaint.

Plaintiffs filed a first amended complaint, changing prior references to "Shirley" to "Stephanie" and alleging Stephanie was liable as the driver, and substituting Shirley for Doe 3 and alleging she was liable as a co-owner of the car. The court (the same judge who had allowed plaintiffs leave to file an amended complaint) sustained the demurrer, observing plaintiffs' claim against Stephanie was time barred on the face of the amended pleading and plaintiffs had alleged no facts supporting tolling of the limitations period or equitable estoppel to raise it as a defense. Plaintiffs also had not sought to substitute Stephanie as a Doe defendant, nor had they made the requisite allegations of ignorance to her identity required to do so. The court did,

full name on her driver's license." Stephanie did not submit this additional photo to the trial court, and it is well-established "[a] reviewing court must accept and is bound by the record before it [citations], cannot properly consider matters not in the record [citations], and will disregard statements of alleged facts in the briefs on appeal which are not contained in the record." (*Weller v. Chavarria* (1965) 233 Cal.App.2d 234, 246). We therefore disregard the attachment to Stephanie's brief.

4

however, grant plaintiffs leave to amend, commenting it is generally an abuse of discretion not to allow at least one opportunity to amend.

In their second amended complaint, plaintiffs did what they had said they were not doing by way of their motion to amend—they substituted Stephanie as Doe 1, alleging she was the driver of the car.

Stephanie again demurred on statute of limitations grounds.

In a detailed and lengthy ruling, which we recite in some detail, *infra,* the court (again, the same judge who had granted leave to amend) granted both parties' requests for judicial notice of other pleadings in the court file and sustained the demurrer without leave to amend. The court additionally ordered "Plaintiffs' Second Amended Complaint is DISMISSED WITH PREJUDICE as to Defendant Stephanie Hwang."[5]

## DISCUSSION[6]

### *The First Amended Complaint: Adding Stephanie as a New Defendant Under Section 473 Subsection (a)(1)*

Section 473, subsection (a)(1) states: "The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any

---

[5] "All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes, and the clerk shall note those judgments in the register of actions in the case." (§ 581d; see *Kahn v. Lasorda's Dugout, Inc.* (2003) 109 Cal.App.4th 1118, 1120, fn. 1 [treating dismissal order as appealable judgment when order was in writing, signed by the court, and filed in the action]; see also *Law Offices of Dixon R. Howell v. Valley* (2005) 129 Cal.App.4th 1076, 1085 [appeal filed within 60 days of notice of entry of dismissal was timely and proper subject for appellate review]; *Vernon v. Great Western Bank* (1996) 51 Cal.App.4th 1007, 1011, fn. 2 ["the order of dismissal was a final, appealable order"].)

[6] Our standard of review is well-established: "On review from an order sustaining a demurrer, 'we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal

pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect; and may, upon like terms, enlarge the time for answer or demurrer."

Generally, "an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitation is applied as of the date the amended complaint is filed, not the date the original complaint is filed." (*Woo v. Superior Court* (1999) 75 Cal.App.4th 169, 176 (*Woo*).)

However, "where an amendment does not add a 'new' defendant but simply corrects a misnomer by which an 'old' defendant was sued, case law recognizes an exception to the general rule of no relation back." (*Hawkins v. Pacific Coast Bldg. Products, Inc.* (2004) 124 Cal.App.4th 1497, 1503 (*Hawkins*).)

"The rationale behind allowing an exception to the general no-relation-back rule when the plaintiff seeks to correct a mistake in the defendant's name was explained in *Mayberry v. Coca Cola Bottling Co.* (1966) 244 Cal.App.2d 350. . . : '[T]he general rule supplies no litmus to differentiate between erroneous description and change of identity. It ignores the difference between a plaintiff who has committed an excusable mistake and one who seeks a free option among potential liability targets after the statute has run; neither does it consider modern business practices, which

_____

theory, such facts being assumed true for this purpose. [Citations.]' [Citation.] We may also consider matters that have been judicially noticed. [Citations.] ' "A demurrer based on a statute of limitations will not lie where the action may be, but is not necessarily, barred. [Citation.] In order for the bar. . . to be raised by demurrer, the defect must clearly and affirmatively appear on the face of the complaint; it is not enough that the complaint shows that the action may be barred." ' " (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42.)

6

often divide integrated business operations—if only for tax purposes—among a group of artificial legal entities. To accommodate the latter factors, an "exception to the general rule" has been formulated, which permits correction where the plaintiff has committed an excusable mistake attributable to dual entities with strikingly similar business names or to the use of fictitious names.' (*Id.* at pp. 352–353 [allowing amendment of complaint after expiration of statute of limitations to change defendant's name from Coca Cola Bottling Company of Sacramento, a partnership, to Coca Cola Bottling Company of Sacramento, Ltd. based on a finding his mistake was excusable because two entities had strikingly similar business names, were housed on the same premises, some personnel worked for both, and because the named defendant's conduct had perpetuated the error 'beyond the point of repair']; see also *Cuadros v. Superior Court* (1992) 6 Cal.App.4th 671, 676 . . . [allowing amendment of complaint after statute had run to change defendants' names from Budget Rent–A–Car Inc. and K.H. Group, doing business as Budget Rent A Car of Santa Monica, to Budget Rent a Car of Brentwood, based on findings all entities shared similar names, involved the same business, had the same owner and/or officer, used the same address, and defense counsel was estopped by their silence from objecting].)" (*Hawkins, supra,* 124 Cal.App.4th at p. 1503.)

Thus, "[w]hether a plaintiff may amend the complaint to change a party's description or characterization 'after the statute of limitations has run depends on whether the misdescription or mischaracterization is merely a misnomer or defect in the description or characterization, or whether it is a substitution or entire change of parties. In the former case an amendment will be allowed; in the later it will not be allowed.' " (*Hawkins, supra,* 124 Cal.App.4th at p. 1503.)

7

The *Hawkins* court went on to conclude that "[b]y defectively describing 'Pacific Coast dba Basalite' as Basalite Corporation, Hawkins's original complaint merely misnamed the proper defendant." (*Hawkins, supra,* 124 Cal.App.4th at pp. 1504-1505.) Pacific Coast "admittedly conduct[ed] its business dealings in the name of Basalite," and "[a]llowing Hawkins to substitute the correct name for his original misdescription of the only named defendant neither changes the nature of the action nor represents an 'entire change of parties.'" (*Id.* at p. 1505.)

While plaintiffs here claim "[t]he name 'Shirley Hwang' was a simple misnomer for Stephanie Hwang, not an attempt to identify someone else," that is simply not the case.

As the trial court explained, Richardson and Jones filed a complaint against Stephen and Shirley, identifying Shirley as the driver and Stephen as the owner of the vehicle, and asserting two causes of action, the first for negligence and the second for negligent entrustment. In their first amended complaint, plaintiffs *added* Stephanie as a defendant and alleged she was the driver. They also *retained* Shirley as a defendant and alleged that both she and her husband were liable as the owners of the vehicle.

In short, as the trial court correctly recognized, Stephanie and Shirley are two entirely different individuals. Thus, adding Stephanie as a new defendant effected an " 'entire change' " in parties as to plaintiffs' negligence claim and did not "simply correct[] a misnomer by which an 'old' defendant was sued." (*Hawkins, supra,* 124 Cal.App.4th at p. 1503.)

Plaintiffs' reliance on *Clarkson v. Moir* (1921) 53 Cal.App.775*,* is misplaced. In that case, the plaintiff initially named "Lydia F. Moir" as the defendant. (*Id.* at p. 777.) However, after the statute of limitations ran, the plaintiff learned the defendant's name was actually "Lydia M. Moir," her

8

mother being "Lydia F. Moir." (*Ibid*.) The court held the amendment correcting the defendant's middle initial related back to the date of the filing of the original complaint. "[T]he person sued and intended to be sued herein was and is the defendant, Lydia M. Moir." (*Ibid*.) "[T]here was no substitution of one defendant for another, but that by mistake and inadvertence the middle initial of the defendant was erroneously inserted." (*Ibid*.)

Here, in contrast, there was not merely a correction of the name of the defendant. Rather, an entirely new individual was added as a defendant to the lawsuit, in which the originally named defendant also remained a party.

Similarly, plaintiffs' reliance on *Canifax v. Hercules Powder Co.* (1965) 237 Cal.App.2d 44 (*Canifax*), is misplaced. In *Canifax*, the plaintiffs identified the defendant, in both their original and amended complaints, as " 'Coast Equipment Company.' " (*Id*. at p. 56.) The correct name of the company was "Coast Manufacturing and Supply Company." (*Ibid*.) In a second attempt at service, Coast Manufacturing was served as " 'Doe I' ", Doe I allegedly being liable only on the first cause of action. In its answer, however, Coast Manufacturing denied liability as to both the first and second causes of action. (*Id*. at p. 57.) After the statute of limitations ran, the manufacturer moved for summary judgement; the plaintiff, in turn, moved to amend to correct the company's name. The trial court denied the motion to amend and granted summary judgment. (*Ibid*.) The Court of Appeal reversed, concluding the plaintiffs sought to correct a mere misnomer. (*Id*. at pp. 57–58.)

" 'Such mistakes,' " said the court, " 'usually are of little consequence, representing mere clerical errors which are amendable before judgment. . . . Misnomers are simply errors in nomenclature.' And . . . '[i]t is settled in

9

California that a cause of action pleaded in a seasonably filed complaint is not barred by the statute of limitations merely because misnomer of the defendant is not corrected until after expiration of the statutory period.'  It is pointed out that difficulties arise when, as sometimes occurs, a plaintiff under the claim of a misnomer may try to substitute a new defendant." (*Canifax, supra,* 237 Cal.App.2d at pp. 57–58.)  But " '[w]here full notice is given and a reasonably prudent person would realize that he is the party intended to be named as the defendant, the court will treat the mistake as harmless misnomer in order to promote substantive rights.'  [¶] Here there was obviously no covert attempt by plaintiffs to substitute a new party for a party sued under the guise of a mistake of nomenclature.  Plaintiffs merely thought that Coast Manufacturing was named 'Coast Equipment Company.' " (*Id.* at p. 58.)

Thus, *Canifax* is another example of confusion about a company's name in a context where the company has already become involved in the lawsuit either directly, as was the case in Canifax, or indirectly through the naming of a subsidiary or related entity—in short, where an amendment fairly can be said to correct a mere misnomer.  Here, plaintiffs' amendment did far more than that—it added an entirely different person as a new defendant, and also retained and made new allegations against the existing defendant.

A far more pertinent authority is *Stephens v. Berry* (1967) 249 Cal.App.2d 474, 475 (*Berry*)—wherein the plaintiffs were involved in an accident involving three cars but named as a defendant the driver of only one of the vehicles, one Reynolds.  Immediately after the accident, the three drivers spoke with one another, and the plaintiffs later communicated with the other driver, one Berry.  (*Id.* at p. 475.)  After the statute of limitations ran, the plaintiffs served Berry as a "Doe" defendant.  When Berry moved to

10

strike, plaintiffs sought leave to amend.  (*Ibid.*)  The trial court denied leave to amend and struck the complaint as against Berry.  The Court of Appeal affirmed, rejecting plaintiffs' assertion Berry had properly been substituted as a Doe defendant, as well as their claim that adding Berry in place of Reynolds merely corrected a misnomer as to the driver of the car that rear-ended them.  (*Id.* at pp. 477–479.)

With respect to the purported misnomer, the appellate court explained: "Here, Reynolds has been a party to the action from the beginning.  He was the driver of one of the cars involved in the accident out of which appellants' cause of action arose, and conceivably could have had some responsibility for appellants' injuries and damages.  Appellants at first correctly alleged that Reynolds was the driver of the DeSoto automobile, but incorrectly alleged that it was the DeSoto that ran into them.  But it was not until long after the statute of limitations had run that appellants sought to amend their complaint so as to substitute Berry as a defendant in place of Reynolds.  It may be that appellants always intended to sue Berry and not Reynolds, but that is not what they did.  They sued Reynolds and asked to substitute Berry only after the statute had run against their claim.  The case is not one of misnomer, but rather one of failure to name the right party as a defendant, and the general rule, supported by the authorities cited, must govern." (*Berry, supra,* 249 Cal.App.2d at pp. 478–479.)

So, too, here.  Failure to name Stephanie was not a case "of misnomer, but rather one of failure to name the right party as a defendant." (*Berry, supra,* 249 Cal.App.2d at p. 479; see *Kerr-Mcgee Chemical Corp v. Superior Court* (1984) 160 Cal.App.3d 594, 600–601 [because "Trona Medical Center" was not a fictitious defendant, replacing it with Kerr-McGee "would be the addition of a party to the action who was not a party before"]; *Ingram v.*

11

*Superior Court* (1979) 98 Cal.App.3d 483, 490–492 [where the plaintiff had failed to name the driver of the car in which he was riding as a defendant and named only the other driver as a defendant, an amendment adding the omitted driver after the limitations period was not a correction of a misnomer; an "[a]mendment to correct a simple mistake in the naming of a party must be sharply distinguished from the question of whether the correctly named party is actually being joined in that action for the first time under the guise of correcting a mistake in form"].)

Accordingly, the trial court did not err in sustaining Stephanie's demurrer to the plaintiffs' first amended complaint.

## B. *The Second Amended Complaint: Substituting Stephanie for Doe 3 Pursuant to Section 474*

The use of fictitious Doe defendants in California arises from statute. When a plaintiff "is ignorant of the name of a defendant" and plaintiffs "state that fact in the complaint . . . such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly." (§ 474.)

An amendment substituting a named defendant for a Doe defendant can relate back to a timely initial pleading and thereby "defeat[ ] the bar of [a] statute of limitations," so long as the requirements of section 474 are met. (*Marasco v. Wadsworth* (1978) 21 Cal.3d 82, 85; *McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 942–943 (*McOwen*); *Woo, supra,* 75 Cal.App.4th at p. 176 ["If the requirements of section 474 are satisfied, the amended complaint substituting a new defendant for a fictitious Doe defendant filed after the statute of limitations has expired is deemed filed as of the date the original complaint was filed."].)

Thus, section 474 can be characterized as an exception to a statute of limitations defense. (*Woo, supra,* 75 Cal.App.4th at p. 176 [section 474 a "recognized exception" to rule that amendments adding new defendants do not relate back to earlier complaints].)

The crucial question is the state of the plaintiff's knowledge or his or her ability to know the relevant facts—was he or she truly ignorant of the identity of the party belatedly substituted for a Doe defendant? (See *McClatchey v. Coblentz, Patch, Duffy & Bass, LLP* (2016) 247 Cal.App.4th 368, 371–372; *McOwen, supra,* 153 Cal.App.4th at p. 942.) " 'In keeping with th[e] liberal interpretation of section 474, it is now well established that even though the plaintiff knows of the existence of the defendant sued by a fictitious name, and even though the plaintiff knows the defendant's actual identity (that is, his name), the plaintiff is "ignorant" within the meaning of the statute if he lacks knowledge of that person's connection with the case or with his injuries.' " (*McOwen,* at p. 942.)

While plaintiffs alleged in their second amended complaint they were "truly ignorant of the name of STEPHANIE HWANG, the true driver of the vehicle that hit her," the trial court refused to accept this allegation as true given their prior pleadings and submissions, of which the court took judicial notice. (See *Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6 [" ' "[A] complaint otherwise good on its face is subject to demurrer when facts judicially noticed render it defective." [Citation.]' "]; see also *Dodd v. Citizens Bank of Costa Mesa* (1990) 222 Cal.App.3d 1624, 1627 ["facts appearing in exhibits attached to the complaint will also be accepted as true and, if contrary to the allegations in the pleading, will be given precedence"].)

The trial court pointed out the following: In their original complaint, plaintiffs had not alleged any uncertainty as to the identity of the driver, and

while they had included Does 1 through 5, no Doe allegation pertained to the driver, rather they pertained to negligent entrustment or were boilerplate " 'agency' " allegations. In their motion for leave to amend, plaintiffs expressly disclaimed that they sought to add Stephanie as a defendant in place of any Doe defendant. In support of their motion to amend, they submitted Jones's declaration wherein he acknowledged being given Stephanie's driver's license and taking a cell phone photo of her license atop his handwritten note based on the registration and insurance certificate showing Stephen and Shirley were the registered owners of the car. In their first amended complaint, plaintiffs did not add Stephanie as a defendant in place of any Doe defendant. Nor did they allege they were ignorant of Stephanie's identity as the driver.

Thus, as for plaintiffs' new allegations in their second amended complaint that they were " 'truly ignorant' " of Stephanie's identity as the driver, the court ruled these allegations were "without basis because Plaintiffs took a photograph of Defendant Stephanie Hwang's driver's license after the accident" and "Plaintiff Jones attached a photocopy of the photograph of the driver's license to his declaration supporting the Motion for Leave to Amend." The court recognized Richardson had not taken the cell photo, but pointed out she was at the scene, she and Jones were "represented by the same attorneys," and they had "jointly filed all their pleadings and motion papers."

The court also rejected plaintiffs' claim that "equitable considerations" warranted allowing them to belatedly add Stephanie as a defendant. "The Legislature," said the court, "has expressed the policy of the People of the State of California that all personal injury claims, with specified exceptions, must be filed within two years of the date of injury. See [Code of Civil

14

Procedure] § 335.1. For many years, the statute of limitations was actually only one year. Defendant Stephanie Hwang did everything that the law expects drivers to do when [an] accident occurs. She provided to Plaintiffs information regarding the ownership and registration of the 2006 Honda Civic, and she handed her driver's license to Plaintiffs so that they could take a photograph of it for identification purposes. Plaintiffs have not alleged that Defendant, her parents, or her insurance company did or said anything to cause them to believe that she was not in fact the driver of the vehicle. Plaintiffs have not alleged that they misplaced any pertinent information when they retained their attorneys to draft the [original] Complaint. . . ." The court thus concluded that what was "equitable in this situation" was to "objectively" apply the statute of limitations and the Doe pleading statute.

Given the entirety of the record, of which the trial court took judicial notice, the court did not err in concluding plaintiffs could not make the requisite showing of being "truly ignorant" that Stephanie was the driver of the Honda.

As they did in the trial court, plaintiffs rely on *Balon v. Drost* (1993) 20 Cal.App.4th 483 (*Balon*), to support their claim that they can use section 474 to substitute Stephanie as a Doe defendant and thereby cut off a statute of limitations defense. In *Balon,* the plaintiff was involved in a traffic collision with another vehicle driven by one Shawn Hurley and owned by one Ethel Drost. (*Id.* at p. 485.) Immediately after the accident the plaintiff and driver Hurley exchanged personal identification information; Hurley wrote his name and some other information on a piece of paper, which the plaintiff, who was "dazed" at the time, subsequently forgot about. (*Id.* at pp. 485–486.) The plaintiff contacted an attorney shortly before the statute of limitations was to expire but was unable to identify the driver, having forgotten about

15

the piece of paper. (*Id.* at p. 486.) Her attorney filed suit against the owner Drost and also included a cause of action against fictitiously named Doe defendants. He also immediately ordered a copy of the police report. (*Ibid.*) Within two weeks of filing suit, the plaintiff's attorney received the police accident report and filed an amended complaint under section 474, substituting Hurley for a Doe. (*Id.* at pp. 486, 489.) The trial court granted Hurley's motion to quash, ruling the plaintiff had ignored, rather than been uninformed, of the existence of Hurley, who could easily have been identified. (*Ibid.*)

In a divided opinion, the appellate court reversed, equating actual forgetfulness with the requisite good faith and nonfeigned ignorance of the defendant's identity. It also concluded the plaintiff had no obligation to make an effort to obtain readily accessible information to refresh her memory. (*Balon, supra,* 20 Cal.App.4th at pp. 489–490.) Citing *Irving v. Carpentier* (1886) 70 Cal. 23, the majority concluded that forgetfulness with no effort to refresh memory was the equivalent of negligent ignorance, and that negligent ignorance of the defendant's identity did not preclude adding him as a defendant under section 474 after the statute of limitations expired. (*Balon,* at pp. 489–490.)

The trial court directly addressed *Balon*, pointing out the record in the instant case differs from that in *Balon*. *Bolan*, said the court, "is clearly distinguishable because the plaintiff in that case alleged she was truly ignorant of the identity of the driver of the other vehicle." However, the record did not show that to be the case here. Indeed, one significant distinction is that plaintiffs made no claim of being "dazed" at the time of the accident and of forgetting about Jones's handwritten notes and cell phone photos. Moreover, the procedural history of the case demonstrates plaintiffs

16

sought to substitute Stephanie as a Doe defendant under section 474 months after the limitations ran and only as a last resort, after they had disclaimed use of the Doe procedure in asking for leave to amend.

*Woo* is a more relevant authority. In that case, the plaintiff filed a medical malpractice action against several defendants, including a Dr. Sigeti who allegedly performed a procedure preparatory to a biopsy. (*Woo, supra,* 75 Cal.App.4th at p. 173.) However, after Sigeti's counsel reviewed medical records produced by the plaintiff, it became apparent another doctor, Dr. Woo, had performed the procedure, and counsel so advised the plaintiffs. (*Id.* at pp. 173–174.) After Sigeti was dismissed and the limitations period ran, the plaintiff filed an amended complaint adding Woo as a defendant. (*Id.* at p. 174.) Woo moved for summary judgment, and after the trial court denied the motion (*id.* at pp.174–175), petitioned for a writ of mandate (*id.* a p. 172), which the Court of Appeal granted. (*Id.* at 180–181.)

As the appellate court explained, "A further and nonprocedural requirement for application of the section 474 relation-back doctrine is that Zarabi must have been genuinely ignorant of Woo's identity at the time she filed her original complaint. (*Optical Surplus, Inc. v. Superior Court* (1991) 228 Cal.App.3d 776, 783-784 . . . ; *Hazel v. Hewlett* (1988) 201 Cal.App.3d 1458, 1464-1466 . . . ; Weil & Brown [Cal. Practice Guide: Civil Procedure Before Trail (The Rutter Group 1999)] ¶¶ 6:748, 6:752, at pp. 6-148.1, 6-149.) The omission of the defendant's identity in the original complaint must be real and not merely a subterfuge for avoiding the requirements of section 474. (*Ingram v. Superior Court, supra,* 98 Cal.App.3d 483, 491.) Furthermore, if the identity ignorance requirement of section 474 is not met, a new defendant may not be added after the statute of limitations has expired even if the new defendant cannot establish prejudice resulting from

17

the delay.  (*Hazel v. Hewlett, supra,* at p. 1466.)"  (*Woo, supra,* 75 Cal.App.4th at p. 177.)

The court recognized that "if the plaintiff is actually ignorant of the defendant's identity, the section 474 relation-back doctrine applies even if that ignorance is the result of the plaintiff's negligence.  (*Grinnell Fire Protection Systems Co. v. American Sav. & Loan Assn.* (1986) 183 Cal.App.3d 352, 359 . . . ; *Munoz v.* Purdy (1979) 91 Cal.App.3d 942, 947 . . . ; *Joslin v. H.A.S. Ins. Brokerage* (1986) 184 Cal.App.3d 369, 376. . . .)"  (*Woo, supra,* 75 Cal.App.4th at p. 177.)  However, it was clear from the record the plaintiff had been apprised of the name of the doctor who performed the procedure at issue prior to the time she filed her original complaint, and the court rejected her varying and "inconsistent" claims that at the time she filed her complaint she had forgotten Dr. Woo performed the procedure, and she only later learned Woo had performed the procedure.  (*Id.* at pp. 177–179.)

The court perceived "two significant differences between *Balon* and the instant case.  In *Balon* the complaint amendment adding a new defendant was made without delay after an immediate effort by the plaintiff's attorney to determine the identity of the new defendant, and the complaint amendment was correctly made in accordance with the section 474 procedure. In the instant case [the plaintiff] made no effort to promptly identify Woo and did not correctly follow the section 474 amendment procedure.  These differences undermine [the plaintiff's] contention she acted in good faith to comply with section 474."  (*Woo, supra,* 75 Cal.App.4th at p. 179.)

The *Woo* court went on to question the breadth of *Balon's* reasoning. "*Balon* establishes an undesirable rule for the 'I knew but forgot' assertion under section 474.  We find Justice Phelan's dissent in *Balon* persuasive. Justice Phelan rejected the equation of a claimed memory lapse with the

18

actual ignorance requirement of section 474.  (See *Balon v. Drost, supra,* 20 Cal.App.4th at pp. 492, 493 (dis. opn. of Phelan, J.).)  We agree with Justice Phelan that when the plaintiff had actual knowledge of the defendant's identity prior to filing a complaint, but has forgotten the defendant's identity at the time of filing the complaint, the plaintiff must review readily available information that discloses the defendant's identity to invoke the section 474 relation-back doctrine; otherwise, the plaintiff is not in good faith using section 474.  A requirement of reviewing readily available information is not a significant burden, is not inconsistent with the cases that impose no duty of inquiry on plaintiffs who never knew the defendant's identity, and assures the good faith of plaintiffs who seek to use the section 474 relation-back doctrine." (*Woo, supra,* 75 Cal.App.4th at pp. 179–180.)

"The *Balon* rule permits plaintiffs to assert they forgot the defendant's identity even though it is uncontested they knew the identity at an earlier time, and relieves them of any obligation to refresh their memory with readily available information.  The result is to excise from section 474 the importance of actual ignorance of the name of the defendant, because by mere assertion of memory loss a plaintiff would always be considered ignorant of the name of the defendant.  We perceive the better rule to be that if the plaintiff knows the defendant's identity and then forgets it at the time the complaint is filed, to use the section 474 relation-back doctrine to avoid the bar of the statute of limitations the plaintiff must have at least reviewed readily available information likely to refresh his or her memory.  If the defendant cannot be identified from readily available information, then section 474 is available; if the defendant can be identified from the readily available information, then section 474 is unavailable.  This rule retains meaning to the actual ignorance requirement of section 474.  In *Balon,* the

19

readily available information was contained in the public accident report. In the instant case, the readily available information was contained in [the plaintiff's] medical records in her possession from which she obtained Sigeti's name and in which Woo's identity was also set forth. In our view, [plaintiff] did not avail herself of readily available information that would have refreshed her recollection of Woo's identity; and therefore she is not entitled to use section 474 to amend her complaint after the statute of limitations has run. Under these circumstances, '. . . there was no good faith, bona fide ignorance as required by section 474.' " (*Woo, supra,* 75 Cal.App.4th at p. 180, quoting *Balon, supra,* 20 Cal.App.4th at p. 494 (dis. opn. of Phelan, J.).)

Because the record before us also differs from that in *Balon,* that case is, as the trial court concluded, distinguishable. We therefore need not choose between the view expressed in *Balon* and that expressed in *Woo*, although we share the concerns stated in *Woo.*

In sum, we conclude the trial court also did not err in ruling plaintiffs' addition of Stephanie as a Doe defendant did not relate back to the filing of the original complaint.

### DISPOSITION

The judgment of dismissal is affirmed. Costs on appeal to respondent.

20

_____

Banke, J.

We concur:

_____

Humes, P.J.

_____

Margulies, J.

A158443, Richardson et al v. Hwang et al.