Filed 10/19/21  Woods v. CBRE Group CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MELISSA WOODS,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>CBRE GROUP, INC.,<br><br>        Defendant and Respondent. | A160477<br><br>(San Francisco County<br>Super. Ct. No. CGC-14-537527) |

Melissa Woods (Plaintiff) appeals from the trial court's ruling in favor of defendant CBRE Group, Inc. (CBRE Group) on her claim pursuant to the Labor Code Private Attorneys General Act of 2004 (PAGA; Lab. Code, § 2698 et seq.).  We affirm.

### BACKGROUND

In 2014, Plaintiff filed a class action lawsuit against CBRE Group, claiming CBRE Group was her former employer, alleging various Labor Code violations, and seeking PAGA penalties.  The trial court dismissed the class claims, compelled arbitration of Plaintiff's individual Labor Code claims, and stayed the PAGA claim pending arbitration.

Over a year and a half later, the trial court issued an order to show cause why the action should not be dismissed after Plaintiff failed to file a case management statement regarding the status of the arbitration.  As it

turns out, the arbitration had not yet commenced; CBRE Group submitted evidence that it had unsuccessfully attempted to contact Plaintiff to discuss selection of an arbitrator. Nearly two years after the individual claims were ordered to arbitration, the trial court appointed an arbitrator.

In March 2017, the arbitrator issued an order to show cause why the arbitration should not be dismissed for want of prosecution after neither Plaintiff nor her counsel appeared at an arbitration management conference. Ultimately, the arbitrator awarded Plaintiff a total of $504 plus interest. The arbitrator also awarded Plaintiff attorney fees and costs "upon proper application," but Plaintiff never so applied.

Six months after the arbitration award issued, the trial court again issued an order to show cause why the action should not be dismissed for failure to file a case management statement regarding the arbitration status. Two months later, the court issued another such order for the same reason, stating it would dismiss the case if Plaintiff did not appear at the next hearing.

In the spring of 2019, a year and a half after the arbitration award issued, litigation of the PAGA claim resumed. At trial, Plaintiff submitted the arbitration award and her complaint as exhibits, but presented no witnesses or other evidence. The trial court ruled in favor of CBRE Group and issued judgment.

DISCUSSION

The trial court's order and judgment do not indicate the basis for its ruling or set forth any findings of fact or law, and Plaintiff did not request a statement of decision. (Code Civ. Proc., § 632.) The hearing at which the court issued its ruling was not reported, and Plaintiff did not elect to use a settled statement on appeal. (Cal. Rules of Court, rule 8.137(b)(1).) "[I]t is a

2

fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] . . . 'Consequently, [the appellant] has the burden of providing an adequate record.' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) Because Plaintiff failed to obtain a statement of decision or a settled statement, we must affirm the judgment if there is any basis in the record.

Plaintiff's operative first amended complaint identifies CBRE Group as the sole named defendant, alleging CBRE Group was Plaintiff's former employer. In a 2014 filing, CBRE Group stated: "CBRE Group, Inc. is the only named Defendant, but is not the proper party to this litigation. Plaintiff was employed by CBRE, Inc., which is the employer on the pay statement attached to the Complaint and First Amended Complaint." In the arbitration, CBRE Group argued it was not Plaintiff's employer and therefore her claims should fail. CBRE Group made the same argument during litigation of the PAGA claim in the trial court.

If CBRE Group was not Plaintiff's employer, it is not the appropriate defendant for her PAGA action. (Lab. Code, § 2699, subd. (c) [" 'aggrieved employee' means any person who was employed by the alleged violator"].) In a footnote in the background section of her opening brief, Plaintiff argues CBRE Group and CBRE, Inc. "are effectively synonyms for the same employer operation." The claim is forfeited: "An appellant cannot bury a substantive legal argument in a footnote and hope to avoid waiver of that argument." (*Holden v. City of San Diego* (2019) 43 Cal.App.5th 404, 419.) Even if we considered the argument, we would reject it. Plaintiff relies on evidence she submitted with her post-trial brief. CBRE Group objected to

3

this evidence below because it was not presented at trial and the trial court had stated no further evidence would be admitted. In the absence of a contrary record, we must presume the trial court excluded the evidence, and Plaintiff does not contend on appeal that any such exclusion was improper.[1]

Indeed, as CBRE Group argues, we must presume the trial court deemed Plaintiff to have admitted that CBRE Group was not her employer. CBRE Group served a request that Plaintiff admit "that DEFENDANT was not YOUR employer." Plaintiff responded with both objections and a response, but failed to verify the response. (Code Civ. Proc., § 2033.240, subd. (a) ["The party to whom the requests for admission are directed shall sign the response under oath, unless the response contains only objections."].) "[A]n unverified response is tantamount to no response at all." (*Melendrez v. Superior Court* (2013) 215 Cal.App.4th 1343, 1348.) CBRE Group subsequently moved to deem the request admitted. (Code Civ. Proc., § 2033.280, subd. (b).) Plaintiff filed no opposition. We presume, absent contrary evidence, that the trial court granted CBRE Group's motion.

Plaintiff argues that the arbitrator's decision on this issue is binding in the PAGA litigation. The arbitrator found that Plaintiff "has named the wrong party in this matter, (CBRE Group, Inc. rather than CBRE, Inc.)," but concluded the error "falls under the 'misnomer rule' that permits corrective amendment under these circumstances" and "deem[ed] the claim in

---

[1] Plaintiff also sets forth background facts about CBRE Group's initial concession that it was Plaintiff's former employer and asserts that, therefore, CBRE Group is "the appropriate party." She fails to provide argument or authority for this assertion and it is forfeited. (*Tellez v. Rich Voss Trucking, Inc.* (2015) 240 Cal.App.4th 1052, 1066 ["When an appellant asserts a point but fails to support it with reasoned argument and citations to authority, we treat the point as forfeited."].)

4

arbitration to be made against CBRE, Inc." Even assuming the arbitrator's decision that the misnomer rule applies is binding on the trial court, Plaintiff has failed to demonstrate error. The misnomer rule provides, "where an amendment does not add a 'new' defendant, but simply corrects a misnomer by which an 'old' defendant was sued, case law recognizes an exception to the general rule of no relation back." (*Hawkins v. Pacific Coast Bldg. Products, Inc.* (2004) 124 Cal.App.4th 1497, 1503.) Inexplicably, Plaintiff does not claim (much less demonstrate with record evidence) that she ever sought leave to amend her complaint to add CBRE, Inc. as a defendant. Nor does she provide authority that under the misnomer rule or any other basis the trial court was compelled to add CBRE, Inc. on its own motion.

Had Plaintiff sought leave to amend her complaint when she first determined that CBRE, Inc. was her former employer—or at any subsequent time during the years of litigation—we suspect leave would have been granted. But Plaintiff cannot fail to seek such leave and hope the trial court, or this court, will ignore her error.

## DISPOSITION

The judgment is affirmed. Respondent shall recover its costs on appeal.

5

 

_____

SIMONS, J.

We concur.



_____

JACKSON, P. J.



_____

BURNS, J.



(A160477)